## HARN V. COLE.

No. 1926, Okla. T. Opinion Filed March 25, 1908.

(95 Pac. 415.)

1.  **EVIDENCE—Presumptions—Foreign Laws.** Where the question arises as to what laws are in force in another state or territory, and the same are neither pleaded nor proved it will be presumed that such laws are the same as those of our domicile.

2.  **JUDGMENT—Judgment by Confession—How Obtained.** Under sections 4592, 4594, Wilson's Rev. & Ann. St. 1903, judgment where there has not been any previous process or proceeding, upon confession by an attorney, can be entered only when authorized to that end by warrant of attorney acknowledged or proved as conveyance of lands, the defendant having previously filed before the court his affidavit, stating concisely the facts on which the indebtedness arose, and the amount of indebtedness justly due and owing by the defendant.

3.  **SAME—Foreign Judgment—Proceedings—Insufficiency.** Where judgment is sought upon the transcript of a judgment rendered in another state, and it affirmatively appears therefrom that the proceedings were not had in accordance with said sections (4592, 4594, Wilson's Rev. & Ann. St. 1903), there being no proof that the laws of the other state were different from those in force in Oklahoma Territory, no recovery can be had upon such judgment.

(Syllabus by the Court.)

*Error from the Probate Court, Oklahoma County.*

Action on transcript of judgment by Luella Cole against W. F. Harn. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

On March 17, 1904, in the probate court of Oklahoma county, Okla. T., Luella Cole, as plaintiff, instituted an action against W. F. Harn, as defendant, on a transcript of judgment rendered in the court of common pleas for the county of Richmond, state of Ohio, on a note bearing date of August 1, 1890, due 60 days thereafter, purporting to be signed by George U. Harn and W. F. Harn as makers. Said note was in words and figures as follows:

"$130.11. Mansfield, Ohio, August 1, 1890. Sixty days after date, for value received, we promise to pay to the order of Luella Cole one hundred and thirty and eleven one hundredths dollars, with interest at the rate of eight per cent. per annum, at Mansfield, Ohio; and we authorize any attorney at law to appear in any court of record in the United States, after the above obligation becomes due, and waive the issuance and service of process and confess a judgment against us in favor of the holder hereof, for the amount then appearing due, together with cost of suit, and thereupon release all errors and waive a right of appeal. George U. Harn. [Seal] W. F. Harn [Seal]."

Said instrument, if it be treated as constituting a warrant of attorney, was neither acknowledged nor proved as conveyance of land. Said transcript shows that suit on said note was filed in said court on the 8th day of February, 1904; that W. S. Kerr, an attorney, acting under the alleged power of attorney in said note, filed answer, in the absence of both defendants, confessing judgment in favor of said plaintiff against said defendants on said note for the sum of $270.80, recited in said answer (being the amount herein due for principal and interest and also for costs of suit taxed and to be taxed), and without summoning the appearance of either defendant, and judgment was rendered the same day against both makers jointly. In the answer so filed by said attorney he releases and waives all exceptions, errors, and

right of appeal, and the judgment entry in accordance with the recitals in said answer.

In the original transcript the word "we" was omitted before the word "promise" in the first line of said alleged note, and the word "appear" after the word "law," and the words "to appear" after the words "attorney at law." Afterwards, by permission of the court, this transcript was withdrawn, and what purported to be a corrected transcript, duly certified, was filed in lieu thereof. Afterwards defendant moved to strike the same from the files, which was overruled, and exceptions duly saved.

There is no allegation in the petition as to why George U. Harn, the joint maker with the defendant in said note, is not joined in the present action. Defendant in the court below demurred on the grounds of want of jurisdiction of the court rendering judgment in Ohio and consequently in the probate court, and defects in parties defendant, that the petition did not state facts sufficient to constitute a cause of action, and the action is barred by the statute of limitation. The Ohio judgment was rendered on the 4th day of February, 1904, and the action begun in the court below on the 18th day of March following.

The petition filed by plaintiff in the court of common pleas of Richland county, Ohio, on February 8, 1904, is in words and figures as follows:

"The defendants, on the 1st day of August, A. D. 1890, executed and delivered to plaintiff their promissory note of that date, with the warrant of attorney annexed, which warrant and note, with all the indorsements thereon, are hereto attached, marked 'Exhibit A,' and made a part of this petition. Said note is unpaid, except as shown by said indorsements, and there is now due the plaintiff on said note the sum of one hundred and thirty dollars and eleven cents, with interest at the rate of eight per cent. per annum from the first day of August, A. D. 1890. Wherefore, plaintiff prays judgment against said defendants for the sum of one hundred and thirty dollars and eleven cents, with interest thereon from the first day of August, A. D. 1890, at the rate of eight per cent. per annum till paid, and for costs of suit."

The accompanying affidavit made by plaintiff's attorney is as follows:

"C. O. Sheller, being sworn, says that he is the attorney of said plaintiff; that this action is brought upon an instrument in writing for the unconditional payment of money only; that said instrument in writing is in his possession, and that he verily believes the statements contained in the foregoing petition are true in substance and in fact."

*W. F. Harn*, pro se.
*Shartel, Keaton & Wells*, for defendant in error.

WILLIAMS, C. J. (after stating the facts as above). Plaintiff in error contends as one of his grounds of demurrer that the Ohio court did not have jurisdiction of said cause, and consequently, such judgment being void, the probate court of Oklahoma county was without authority to render judgment thereon. In his answer he set up the same defense, alleging that no personal service was ever had upon him; he being at that time a resident of the territory of Oklahoma, and not a resident of nor within the state of Ohio. The statutes and laws of Ohio being neither pleaded nor proved in the court below, such laws are presumed to be the same as those of Oklahoma Territory. *Mansur-Tebbetts Implement Co. v. Willet*, 10 Okla. 383, 61 Pac. 1066; *Betz v. Wilson*, 17 Okla. 383, 87 Pac. 844.

Section 4592, p. 1061, 2 Wilson's Rev. & Ann. St. 1903, provides:

"Judgments may be entered upon confession by an attorney, authorized for that purpose by warrant of attorney, acknowledged or proved as conveyance of land, without any previous process or proceeding; and judgment so entered shall be a lien from the date of entry."

Section 4594 of the same volume provides:

"Before any judgment shall be entered by confession, an affidavit of the defendant must be filed, stating concisely the facts on which the indebtedness arose, and that the amount of such indebtedness is justly due and owing by the defendant to the plaintiff."

From the transcript of the Ohio judgment, which appears in the record, it affirmatively appears that there was never any personal service or any authorized appearance on the part of the defendant other than the clause in the note upon which the action is based, which provides:

"And we hereby authorize any attorney at law to appear in any court of record in the United States, after the above obligation becomes due, and waive the issuing and service of process and confess a judgment against us in favor of the holder hereof, for the amount then appearing due, together with costs of suit, and thereupon to release all errors and waive all right of appeal."

The note containing this alleged warrant of attorney was neither acknowledged nor attested or witnessed, and does not comply with the provisions of the Oklahoma statutes relative to the acknowledgment or proving of conveyance of land. Undoubtedly the rule is that, where one seeks to have a judgment rendered against a person under a warrant of attorney, such warrant of attorney must be executed strictly in accordance with the provisions of the statute. It affirmatively appears herein—if it be conceded that the paragraph in the note is a warrant of attorney, though we are not prepared to so concede—that said note was neither acknowledged nor proved, as a deed of conveyance. It is therefore not in compliance with section 4592, Wilson's Rev. & Ann. St. 1903, *supra*. Further, section 4594, Wilson's Rev & Ann. St. 1903, *supra,* provides that, before such confession can be entered, an affidavit of the defendant must be filed, stating concisely the facts on which the indebtedness arose, and that the amount of such indebtedness is justly due, etc. In the transcript of the record of the Ohio judgment it appears that one C A. Sheller, as attorney for the plaintiff, deposes that said action "is brought on an instrument of writing for the unconditional payment of money only, that said instrument of writing is in his possession, and that he verily believes the foregoing statements are true in fact." This affidavit does not comply with the requirements of section 4594, *supra*. Further, said section provides that the affidavit shall be made by the defendant, not by the plaintiff or plaintiff's attorney.

It affirmatively appears that the judgment which was rendered by confession as aforesaid, and upon which this action is based, was not in compliance with the laws in force in Oklahoma Territory, and such laws on the record, are to be presumed to have been the same as those in force at that time in the state of Ohio. It is unnecessary to determine whether or not, had such judgment been valid under the laws of Ohio, the same could have been enforced in this state against the defendant, who was a citizen of Oklahoma Territory at the time the judgment was obtained. *Grover & Baker Sewing Machine Co. v. Radcliffe*, 137 U. S. 293, 11 Sup. Ct. 92, 34 L. Ed. 670; *Haddock v. Haddock*, 201 U. S 526, 26 Sup. Ct. 525, 50 L. Ed. 867; *Grover & Baker Sewing Machine Co. v. Radcliffe*, 66 Md. 511, 8 Atl. 256; *Thomas v. Pendleton*, 1 S. D. 153, 46 N. W. 180, 36 Am. St. Rep. 726.

The judgment of the lower court is reversed and remanded for new trial.

.   All the Justices concur.