## WILLIAMS v. HIRSCHFIELD.

No. 1584. Opinion Filed February 6, 1912.

Rehearing Denied April 9, 1912.

(122 Pac. 539.)

1. **APPEAL AND ERROR—Harmless Error.** Where the sufficiency of a petition is not challenged by demurrer, but only by an objection to the introduction of evidence thereunder, and where it is perfectly apparent from the proceedings that no substantial right of the defendant was materially affected by the overruling of the objection, and where the objection raises a purely technical question, error, if any there be in the ruling, is not reversible.

2. **JUDGMENT—Foreign Judgment—Enforcement.** Where the appearance of a defendant is entered by an attorney in fact or at law, duly authorized to enter the appearance, and where judgment is thus confessed under a proper power of attorney, that judgment will be enforced in this state, although it was rendered in another state, and the defendant was not a resident either of the state in which it was rendered or of this state.

3.     **SAME.** Where a lawful judgment is rendered in another state, and the plaintiff and the defendant in that case are both non-residents of this state, and suit is brought on that judgment in this state, and property of the defendant is taken under attachment, there is nothing in the policy of this state which will prevent its courts from enforcing that judgment.

4.     **STIPULATIONS — Presumptions — Agreed Statement of Facts.** When a case is tried on an agreed statement of facts, which contains a statement that it shall be considered as all of the facts in the case, and where that statement recites as a fact a certain statute of another state, this court will not presume that there are other statutes of that state identical with ours, as this presumption would be contrary both to the letter and the spirit of the agreed statement.

(Syllabus by Ames, C.)

*Error from District Court Oklahoma County;*
*George W. Clark, Judge.*

Action by John Hirschfield against Jason S. Williams.  Judgment for plaintiff, and defendant brings error.  Affirmed.

*S. A. Horton,* for plaintiff in error.

*S. J. Hanson, C. D. Thomas,* and *Jno. H. Wright,* for defendant in error.

Opinion by AMES, C.  The material part of the petition in this case is as follows:

"That plaintiff did, on to wit, the 6th day of March, 1909, obtain a judgment against said defendant for the sum of twelve hundred eighty-six and 70-100 dollars ($1286.70), together with the additional sum of four dollars ($4) costs in said action in the circuit court of Champaign county, in the state of Illinois, U. S. A., as is more fully shown by a certain duly attested and authenticated copy of the records of said court, which said copy is hereto attached marked 'Exhibit A,' and made a part of this petition; that said circuit court is and was, at the time of the rendering of said judgment, a court of general jurisdiction under the Constitution and laws of the state of Illinois, and had jurisdiction under the Constitution and laws of the state of Illinois, and had jurisdiction both of the subject-matter in the premises and the parties thereto at the time of the rendering of said judgment; that said judgment is final and still remains in that court in full force and effect and in no wise reversed, annulled, satisfied, or set aside."

As exhibits to this petition were set up the proceedings in the circuit court of Champaign county, Ill., resulting in the judgment sued on, judgment was rendered in the Illinois court under an appearance and confession by an attorney of record of that court, and the note sued on was in the following form:

"$1,000.00.    Champaign, Ill., April 7, 1906.    Ninety days after date I promise to pay to the order of John Hirschfield, at the Champaign National Bank of Champaign, Ill., one thousand dollars, for value received, with interest at the rate of 7 per centum after maturity.    Now therefore, in consideration of the premises, we, and each of us do hereby make, constitute and appoint W. E. King, or any attorney of any court of record, to be our true and lawful attorney irrevocably, for us or either of us, to appear in any court of record in term time or vacation, in any of the states or territories of the United States at any time after the date hereof, to waive the service of process and confess judgment in favor of the said payees or their order or assignees, upon said note for the above sum, together with such interest and costs of suit, and also one hundred dollars attorney fees, for entering judgment thereon, and also to file *cognovit* for the amount thereof, with an agreement therein that no writ of error or appeal shall be prosecuted upon the judgment entered by virtue hereof, and to release all errors that may intervene in entering upon said judgment, or issuing any execution thereon; hereby ratifying and confirming all that our said attorney may do by virtue hereof.    Jason S. Williams."

The issues were made up without a demurrer, and the cause was tried on the pleadings and an agreed statement of facts. The facts as agreed to by the parties are as follows:    That the defendant executed the note sued on in Illinois; that the suit was there brought after the note became due and payable; that the defendant was a nonresident of the state, and there was no service on him other than the entry of his appearance by the attorney of record; that the plaintiff in this case, at the time this suit was brought, was a resident of Illinois, and the defendant a resident of Indiana; that service was here had by publication and an attachment was issued out of this court and levied upon real property of the defendant located in Oklahoma county; that the Illinois judgment has never been paid, and if then valid is

still unsatisfied; that the court in which it was rendered is a court of general jurisdiction and had jurisdiction of the subject-matter of the action; that at the time there was a valid statute of Illinois, as follows, "Any person for a debt *bona fide* due may confess judgment by himself or attorney duly authorized, whether in term time or vacation, without process. Judgments entered in vacation shall have like force and effect, and from the date thereof become liens in like manner and extent as judgments entered in term," and the statute has remained in force since the rendition of said judgment; that the note sued on represented a *bona fide* debt, which was then due; that the power of attorney forming a part of the note was a sufficient warrant under the laws of Illinois to authorize any attorney of any court of record of that state to appear in that court and confess judgment; that the attorney who did appear was an attorney of record of that court; that the judgment was confessed in open court; and that under the laws of Illinois the authority of an attorney confessing a judgment is presumed and is not required to be proven. Upon the trial in the lower court, the defendant made the following objection:

"That the petition is insufficient in substance and form, and does not state a cause of action in favor of plaintiff and against defendant; and second, for the reason that portion of the answer that purports to set out or agree upon the laws of Illinois is not within the issues of this case, and cannot be considered by the court."

This objection was overruled and exception taken. The agreed statement of facts was thereupon admitted, and judgment rendered for the plaintiff.

This first error alleged by the plaintiff in error, hereinafter called the defendant, is that the petition did not state facts sufficient to constitute a cause of action, for the reason that the statute law of Illinois authorizing the rendition of this judgment by confession was not pleaded, and that therefore the laws of Illinois would be presumed to be the same as ours, and that under our statutes (Wilson's Rev. & Ann. St. 1903, secs. 4592 and 4594) a judgment by confession cannot be entered by an attor-

ney unless his power of attorney is acknowledged or proved as a conveyance of land, and that before the rendition of such judgment an affidavit of the defendant must be filed stating concisely the facts on which the indebtedness arose, and that the amount of such indebtedness is justly due and owing to the plaintiff. A great many cases are collected in the defendant's brief holding that the laws of other states are facts, and that in order to recover thereon they must be pleaded and proven, and one of the cases relied on is *Harn v. Cole,* 20 Okla. 553, 95 Pac. 415, which was a suit on a foreign judgment. In that case the defendant demurred to the petition and the demurrer was overruled; one of the grounds of the demurrer being that the foreign court did not have jurisdiction, and, consequently, the judgment being void, the Oklahoma court was without authority to render judgment thereon. In the answer the same defense was set up. The statutes and laws of the foreign state were neither pleaded nor proven in the court below, and the court there applied the rule that they would be presumed to be the same as ours, and as the provisions of Wilson's Rev. & Ann. St. 1903, secs. 4592 and 4594, did not appear to have been complied with, that there was no authority in the foreign court to render the judgment, and therefore an action could not be maintained on it here.

In this case, however, there being no demurrer to the petition, we apply the rule of *Hogan v. Bailey,* 27 Okla. 15, 110 Pac. 890, where it is said in the syllabus:

"Where the sufficiency of a petition is challenged solely by an objection to the introduction of evidence thereunder, such objection, not being favored by the courts, should generally be overruled, unless there is a total failure to allege some matters essential to the relief sought, and should seldom, if ever, be sustained when the allegations are simply incomplete, indefinite, or conclusions of law."

We are the more ready to apply this rule in this case, in view of the following statement in the brief of the defendant:

"Prior to making up the issues in this case, it was agreed that the same should be submitted upon an agreed statement of facts, and with this in view the pleadings were filed, and the issues made, it being agreed, however, that either party could

make any legal objection to any part of the agreed statement of facts, and that the court should consider said objections, and, with this understanding, some of the pleadings were filed after the agreed statement of facts, however with permission, and in conformity with the agreement entered into."

It would also be useless to reverse the case on this ground, because the objection raised to the petition is merely technical, as appears from the agreed statement of facts itself showing that there was authority in the court of Illinois to render the judgment sued on, and our statute expressly provides:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." (Comp. Laws 1909, sec. 5680.) .

It is manifest that no substantial right of the defendant was affected by this defect in the pleadings, as the agreed statement of facts itself shows that the laws of Illinois were known to the parties, and that it was contemplated by them prior to the trial that this would be one of the issues involved.

It is next urged by the defendant that, conceding the validity of the judgment in Illinois, it cannot be sued on in this state for the reason that there was no personal service upon, or appearance by, him in Illinois, and, of course, the rule is well settled that in the absence of personal service a personal judgment in one state is not effective in another state under the full faith and credit clause of the Constitution. But in this case the inquiry is whether or not there was an appearance by the defendant. By the power of attorney contained in the note on which the judgment was rendered, the defendant authorized his attorney to waive the service of process and confess judgment.

In *Cuykendall v. Doe,* 129 Iowa, 453, 105 N. W. 698, 3 L. R. A. (N. S.) 449, 454, 113 Am. St. Rep. 472, it is said:

"The jurisdiction of the Delaware court to enter the judgment is challenged, because at the time of its entry appellant had ceased to be a resident of that state, and because no notice or summons of any kind was served upon him, and there was no appearance to the proceeding by him or by any one in his

behalf, except the appearance of Cansey under the warrant contained in the note. If the warrant of attorney was of any force or effect when made, it can hardly be seriously argued that appellant could render it void and valueless by the simple expedient of leaving the state. The statement of the proposition is its own refutation. The very purpose which the law for confession of judgment under warrant of attorney was designated to effect was to enable the creditor to obtain judgment without delay, trouble, and expense attendant upon bringing the debtor into court by formal action and service of process. As we have seen, the statute under which appellant's contract was made explicitly provides that, when an attorney appears under the authority of the warrant for the purpose of confessing judgment, the party giving the authority for such appearance shall be held to be in court, and personal judgment may be entered against him without any declaration filed, and the judgment shall have the same effect as if entered in open court. None can deny, we think, that a debtor may employ an attorney and authorize him, in case action is brought by a creditor, to appear in his behalf and consent to the entry of judgment against him. It is equally certain that, if such authority is not revoked, and the creditor brings suit within the statute of limitations, a judgment entered upon the appearance and by the consent of the attorney so authorized will be a binding personal judgment against the debtor, though he reside in another state and has been served with no notice or process of any kind to bring him within the jurisdiction of the court where the action is pending. It is going but a step farther to say that a debtor may put in the hands of the creditor himself written authority to any practicing attorney in whose hands the writing may be placed, to appear in his behalf and confess judgment upon a debt upon which he concedes his liability; and, where such practice is authorized by the laws of a state, we can conceive of no reason for saying that the person thus represented by one holding his written authority so to appear in his behalf is not in court, or that a personal judgment thus procured is not valid and enforceable and entitled to recognition in every jurisdiction of the Union. Such, as we have already indicated, is the uniform holding of the courts. *Van Norman v. Gordon,* 172 Mass. 576, 53 N. E. 267, 44 L. R. A. 840, 70 Am. St. Rep. 304; *Teel v. Yost,* 128 N. Y. 387, 28 N. E. 353, 13 L. R. A. 796; *First National Bank v. Garland,* 109 Mich. 515, 67 N. W. 559, 33 L. R. A. 83, 63 Am. St. Rep. 597; *Pirie v. Stern,* 97 Wis. 150, 72 N. W. 370, 65 Am. St. Rep. 103; *Patterson v. Indiana,*

2 G. Greene [Iowa] 492; *Crim v. Crim,* 162 Mo. 558, 63 S. W. 498, 54 L. R. A. 502, 85 Am. St. Rep. 521."

In connection with the report of this case in 3 L. R. A. (N. S.) 449, is a note collecting other cases to the same effect. In *Kitchen v. Bellefontaine National Bank,* 53 Kan. 242, 36 Pac. 344, 42 Am. St. Rep. 282, it is said in the syllabus:

"A judgment on a promissory note, entered in one state by confession under a warrant of attorney, is valid in a sister state, although the defendant may, at the time of the rendition of the judgment, have been absent from the state where the contract was executed, and a resident of another state."

*Grover & Baker S. M. Co. v. Radcliffe,* 137 U. S. 287, 11 Sup. Ct. 92, 34 L. Ed. 670, does not conflict with this view, as in that case the basis of the decision, as stated by Mr. Chief Justice Fuller, was:

"The Maryland circuit court arrived at its conclusion upon the ground that the statute of Pennsylvania relied on did not authorize the prothonotary of the court of common pleas of that state to enter the judgment; and the court of appeals of Maryland reached the same result upon the ground that the judgment was void as against John Benge, because the court rendering it had acquired no jurisdiction over his person. It is settled that notwithstanding the provision of the Constitution of the United States, which declares that 'full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state' (article 4, sec. 7), and the act of Congress passed in pursuance thereof (1 St. 122; Rev. St. sec. 905), and, notwithstanding the averments in the record of the judgment itself, the jurisdiction of the court by which a judgment is rendered in any state may be questioned in a collateral proceeding; that the jurisdiction of a foreign court over the person or the subject-matter, embraced in the judgment or decree of such court, is always open to inquiry; that, in this respect, a court of another state is to be regarded as a foreign court; and that a personal judgment is without validity if rendered by a state court in an action upon a money demand against a nonresident of the state, upon whom no personal service of process within the state was made, and who did not appear."

Of course, if the Illinois court did not have jurisdiction, the judgment could not be enforced here, but, by the agreed state-

ment of facts in this case, the Illinois court "had jurisdiction of the subject-matter of this action," and "the power of attorney or warrant attached to said note, authorizing any attorney to appear and confess a judgment upon said note, was a sufficient warrant, under the laws of the state of Illinois, to authorize any attorney of record of the state of Illinois to appear in said circuit court and confess a judgment on said note." This being true, it follows that the defendant had appeared in the circuit court of Illinois by his attorney, and therefore the court had jurisdiction of his person.

It is urged by the defendant that as the plaintiff was a resident of Illinois and the defendant of Indiana, and as it does not appear that any effort has been made to collect the judgment in Indiana, the courts of Oklahoma should not concern themselves with controversies between these parties. But in this case the defendant entered his appearance and pleaded to the action. He had property in the state which was subject to attachment for the payment of his debts, and we do not think there is any merit in the argument that the courts of this state should not entertain jurisdiction.

It is urged, also, by the defendant that in the agreed statement of facts only one section of the Illinois statutes is quoted, and that it is not stated anywhere therein that there are no other statutes in the state of Illinois corresponding with the other statutes of Oklahoma, and that therefore we should presume that there is a statute in that state similar to section 4594, Wilson's Rev. & Ann. St. 1903, which provides that, before such a judgment by confession shall be entered, the defendant must file an affidavit admitting the indebtedness. This argument, however, is in direct conflict with the recitals in the agreed statement of facts, wherein it is said:

"It is hereby mutually agreed by and between the plaintiff, John Hirschfield, and the defendant, Jason S. Williams, that for the purpose of trying this case the following shall be considered as the facts and all of the facts subject to any legal objections which shall be considered by the court and upon which it shall render judgment."

Having stipulated that the facts stated are all of the facts, counsel cannot now be heard to claim that there are other facts which the court will presume to exist.

Finding no error in the record, we think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.