## STARR et al. v. TENNANT.

No. 2130.　Opinion Filed December 3, 1912.

(128 Pac. 733.)

JUDGMENT—Vacation—Grounds. Where a judgment has been entered upon stipulation of the parties to a proceeding, the court having jurisdiction, not only of the subject-matter, but also of the parties, and power to enter the judgment, the same will not thereafter, at the same term at which it was rendered, be set aside without a showing that some injustice has been done to the party against whom the judgment was rendered.

(Syllabus by the Court.)

*Error from District Court, Craig County;*
*T. L. Brown, Judge.*

Action by James F. Tennant against J. C. Starr and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*Guy Patten,* for plaintiffs in error.

WILLIAMS, J.　On December 24, 1907, defendant in error, as plaintiff, sued the plaintiffs in error, as defendants, for the sum of $3,265, damages accruing out of breach of contract as to title to a certain 60-acre tract of land. On December 10, 1908, the defendants filed separate answers. On October 25, 1910, the following stipulation was filed in said cause:

"It is hereby stipulated and agreed by and between James F. Tennant, plaintiff, by his attorney, Wm. P. Thompson, and J. C. Starr, defendant, by his attorney, Guy Patten, that the above-entitled case be settled as follows: That the defendant, J. C. Starr, shall pay to the plaintiff, James F. Tennant, the sum of two thousand two hundred forty dollars, in consideration of which the said plaintiff shall make, execute and deliver to the said defendant a good and sufficient quitclaim deed for all his right, title and interest in and to the following described land, with all improvements thereon, to wit: * * * The payment of the above sum to the plaintiff by the defendant shall be in full satisfaction and settlement of all claims against the said defendant in the above-entitled action and for all improvements on the above-described land, and the plaintiff shall further settle and pay all incumbrances incurred by him on the above-described land. It is further agreed that the plaintiff shall settle with McCoy on account of clearing and improvements placed by him on said land. It is understood and agreed that the defendant. J. C. Starr, shall be given peaceable possession and quiet possession of the above-described land on January first, 1911. It is further understood and agreed that each of the parties to said action shall pay one-half of the costs therein. It· is further agreed that the defendant, J. C. Starr, shall have seven days from the date hereof to make payment of the above-named sum of $2,240.00. It is further agreed that the above-entitled case shall be settled and dismissed as between the parties to this stipulation under the terms and conditions of this stipulation.

"[Signed] WM. P. THOMPSON,
"Attorney for Plaintiff.
"GUY PATTEN,
"Attorney for Defendant."

On the 3d of November, 1910, the following judgment was entered:

"This cause came on to be heard upon the stipulation for settlement in the above-entitled cause on this the 3d day of November, 1910, plaintiff appearing by his attorney, William P. Thompson, and defendant, J. C. Starr, appearing by his attorney, Guy Patten, and it being shown to the court that the sum of $2,240.00 agreed to be paid by J. C. Starr to the plaintiff in the cause, not having been paid as per the terms of the stipulation on file, and the plaintiff bringing into court a good and sufficient quitclaim deed for all his right, title and interest in and to the lands described in the stipulation, duly executed by himself and wife, and offering and tendering the same and making demand

for the money, under the stipulation, and tendering the said quitclaim deed into court, it is hereby ordered, adjudged and decreed by the court that the defendant, J. C. Starr, pay to the plaintiff the said sum of $2,240.00 and one-half of the costs in this cause on or before the 17th day of November, 1910, and that upon failure of the defendant, J. C. Starr, to pay over said amount to the plaintiff, under the terms of the stipulation, that execution issue therefor."

Neither were any objections made to the entering of said order, nor any exceptions saved thereto.

It is sought to review the action of the trial court in this proceeding by means of a transcript.

This court having jurisdiction, not only of the subject-matter, but also of the parties, had the power to enter the judgment of which complaint is made. It is not contended that the stipulation was entered into through fraud practiced, or on account of mistake or accident.

Section 5680, Comp. Laws 1909 (section 4344, Wilson's Rev. & Ann. St. 1903; section 4018, St. Okla. 1893), provides:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

No substantial right of the plaintiff in error, J. C. Starr, was affected by entering such judgment on said stipulation. *Williams v. Hirschfield,* 32 Okla. 598, 122 Pac. 539; *Aggers v. Bridges,* 31 Okla. 617, 122 Pac. 170; *St. Louis & S. F. R. Co. v. Rushing,* 31 Okla. 231, 120 Pac. 973; *Chicago, R. I. & P. Ry. Co. v. Bankers' National Bank,* 32 Okla. 290, 122 Pac. 499; *Mullen v. Thaxton,* 24 Okla. 643, 104 Pac. 359; Gray's Digest, sec. 473.

In *United States Construction Co. v. Armour Packing Co. et al., post,* 128 Pac. 731, the following excerpt is quoted with approval:

"In *Alder et al. v. Van Kirk Land & Const. Co.,* 114 Ala. 551, 21 South. 490, 62 Am. St. Rep. 133, it is said: 'In the absence of fraud in its procurement, and between parties *sui juris,* who are competent to make the consent, not standing in confidential relations to each other, a judgment or decree of a court having

jurisdiction of the subject-matter, rendered by consent of parties, though without any ascertainment by the court of the truth of the facts averred, is, according to the great weight of American authority, as binding and conclusive between the parties and their privies as if the suit had been an adversary one, and the conclusions embodied in the decree had been rendered upon controverted issues of fact and a due consideration thereof by the court.'"

The judgment recites that all parties were in court by their attorneys, and "it being shown to the court that the sum of $2,240.00 agreed to be paid by J. C. Starr to the plaintiff in the cause, not having been paid as per the terms of the stipulation on file, and the plaintiff bringing into court a good and sufficient deed," etc.

The purported motion for new trial is not a part of the record brought up by a transcript. *Richardson et al. v. Beidleman et al.*, 33 Okla. 403, 470, 126 Pac. 818.

The trial court having jurisdiction of the subject-matter and the parties, and having the power to enter such judgment, and the attorney for the plaintiffs in error, in open court, joining in the stipulation and permitting the judgment to be entered without objection or exception, the same will not be disturbed here on review.

All the Justices concur.