## McNAIR v. UNDERWOOD.

No. 6197.   Opinion Filed February 15, 1916.

(155 Pac. 553.)

1.   **EVIDENCE—Laws of Another State—Presumption.** Where the question arises as to what laws are in force in another state, and the same are neither pleaded nor proved, it will be presumed that such laws are the same as those of the forum.

2.   **JUDGMENT—Action on Foreign Judgment—Judgment on Confession of Attorney.** Under sections 5132 and 5134, Rev. Laws 1910, where there has not been previous process or proceeding, a judgment upon confession by an attorney can be entered only when authorized to that end by a warrant of attorney acknowledged or proved as conveyances of lands; the defendant having previously filed before the court his affidavit stating concisely the facts on which the indebtedness arose, and the amount thereof justly due and owing by such defendant.

3.   **SAME.** Where recovery is sought upon a transcript of a judgment rendered in another state, and it affirmatively appears therefrom that the proceedings were not had in accordance with said sections (5132 and 5134, Rev. Laws 1910), there being no proof that the laws of such other state were different from those in force in this state, recovery cannot be had upon the judgment.

(Syllabus by Bleakmore, C.)

*Error from District Court, Oklahoma County;*
*W. R. Taylor, Judge.*

Action by C. E. Underwood against O. P. McNair and another.   Judgment for plaintiff, and defendant named brings error.   Reversed and remanded.

*B. W. Griffith* and *Walter, Hilprit & Callihan,* for plaintiff in error.

*Oliver C. Black,* for defendant in error.

Opinion by BLEAKMORE, C. This action was commenced in the district court of Oklahoma county by C. E. Underwood, as plaintiff, against O. P. McNair and F. M. McNair, on a duly authenticated transcript of a judgment rendered by the circuit court of Kane county, State of Illinois. Service herein was had alone upon O. P. McNair, who answered, alleging that at the time of the commencement of the action and the rendition of the judgment in the Illinois court he was not a citizen or resident of that state; that said judgment was obtained without the service of process upon him or his codefendant therein, but upon a confession of judgment by virtue of a purported warrant of attorney contained in a promissory note, which warrant of attorney was null and void, and that the court by which said judgment was rendered was without jurisdiction. Upon the trial the transcript of such judgment was admitted in evidence as follows:

## "Cognovit.

"And now at this day comes said plaintiff by Hopkins, Peffers & Hopkins, his attorneys, and files his declaration herein; and thereupon comes W. R. S. Hunter, an attorney of this court, and by virtue of a warrant of attorney for that purpose executed, and the execution thereof by said defendants, F. M. McNair and O. P. McNair, being duly proven by the affidavit of William Patterson on file herein, waives the issuing and service of process in this cause, and confesses that said plaintiff has sustained damages by reason of the nonperformance of certain promises in his declaration mentioned in the sum of eight hundred thirty-three ($833) dollars eighteen (18) cents, including fifteen ($15) dollars attorney's fees, and consents that judgment may be rendered against said defendant therefor.

"It is therefore adjudged by the court that said plaintiff, C. E. Underwood, recover of and from the said F. M. McNair and O. P. McNair, defendants, the sum of eight hundred thirty-three ($833) dollars eighteen (18) cents, the amount of damages so confessed, and also his costs in this behalf expended, and that execution issue therefor."

Defendants offered a properly authenticated copy of a note shown to be a part of the record in the proceeding in the Illinois court containing the warrant of attorney upon which said judgment was rendered and entered, and which appears by stipulation of the parties to be the note upon which such judgment was obtained, as follows:

"$700.00                          NOVEMBER 19TH, 1906.

"One year after date, for value received, we promise to pay to William Patterson, or order, seven hundred and no/100 dollars, at six per cent. interest.

"In consideration * * * do hereby authorize and empower * * * or any other attorney of any court of record, in term time or vacation, to enter * * * appearance therein, or before any justice of the peace, and at any time after date hereof, waiving all process to confess judgment in favor of the holder hereof, for the then amount hereof, costs and fifteen dollars attorney's fees, to consent to immediate issue of execution, to waive and release all errors and irregularities that may occur in entering up judgment herein, and further to agree that no appeal or writ of error shall be prosecuted on the judgment entered by virtue hereof nor any bill in equity filed to interfere in any manner with the operation of said judgment or execution issued thereon.

"Witness hand the day and year first above written.

"F. M. MCNAIR,
"O. P. MCNAIR.

"72646.   In presence of........................................................................

"Due...........................................................

                         "..................................

                         "..................................."

Indorsed on back of said note:

"Pay the within note to C. E. Underwood, without recourse.

                        "WM. PATTERSON.

"Int. paid to November 19, 1908.

"Filed September 18, 1911.

                  "JUSTUS J. L. JOHNSON, *Clerk.*"

This evidence was excluded, and judgment rendered for plaintiff.

The laws of Illinois relative to judgments upon confession by warrant of attorney were neither pleaded nor proved. In the absence of such pleading or proof, the laws of that state in this regard are presumed to be the same as the law of this state. *Harn v. Cole,* 20 Okla. 553, 95 Pac. 415.

While a judgment entered upon confession under a warrant of attorney in a proceeding in another state will, if such judgment is valid under the laws of the state where rendered, support an action thereon in this state *(Williams v. Hirshfiield,* 32 Okla. 598, 122 Pac. 539), yet the well established rule is that in a suit upon such judgment the jurisdiction of the foreign court over the person or subject-matter embraced in the action or decree of such court is always open to inquiry.

It is affirmatively shown by the transcript of the Illinois judgment that personal service was not had upon the defendants in that court, but that such judgment was entered upon confession by virtue of a warrant of attor-

ney, that there was no affidavit of the defendants filed in that proceeding stating the facts upon which the indebtedness arose, and that the amount thereof was justly due and owing by them to the plaintiff therein; and it does not appear that the warrant of attorney by virtue of which such judgment was entered upon confession was acknowledged or proved in accordance with the provisions of the statutes of Oklahoma relative to conveyances of land.

Sections 5925 and 5927, Comp. Laws 1909, being sections 5132 and 5134, Rev. Laws 1910, provide:

"5132.  Judgments may be entered upon confession by an attorney, authorized for that purpose by a warrant of attorney, acknowledged or proved as conveyances of land, without any previous process or proceeding; and judgments so entered shall be a lien from the date of entry."

"5134.  Before any judgment shall be entered by confession, an affidavit of the defendant must be filed, stating concisely the facts on which the indebtedness arose, and that the amount of such indebtedness is justly due and owing by the defendant to the plaintiff."

The note offered in evidence, containing the only warrant of attorney upon which the judgment in the Illinois court was rendered upon confession, was competent as evidence tending to support the plea of defendants herein that the court in that case was without jurisdiction to render such judgment for the reason that such warrant of attorney was not executed conformably to the requirements of the provisions of the statute above quoted. In *Harn v. Cole, supra,* it is held:

"Under sections 4592, 4594, Wilson's Rev. & Ann. St. 1903 (sections 5132, 5134, Rev. Laws 1910), judgment where there has not been any previous process or proceeding, upon confession by an attorney can be entered only when authorized to that end by warrant of attorney acknowledged or proved as conveyances of lands, the de-

fendant having previously filed before the court his affidavit, stating concisely the facts on which the indebtedness arose, and the amount of indebtedness justly due and owing by the defendant. Where judgment is sought upon the transcript of a judgment rendered in another state, and it affirmatively appears therefrom that the proceedings were not had in accordance with said sections   *   *   * there being no proof that the laws of the other state were different from those in force in Oklahoma Territory, no recovery can be had upon such judgment."

It follows that the judgment of the trial court should be reversed, and the cause remanded.

By the Court:   It is so ordered.