### SCANLON v. KLOPFENSTEIN et al.

No. 20583.   Opinion Filed Oct. 13, 1931.

ported foreign judgment of the following tenor:

"In the Municipal Court of Cincinnati, Hamilton County, Ohio. ·

"Thos. F. Scanlon, 417 Schmidt Bldg., Cincinnati, Ohio, Plaintiff, v. J. J. Klopfenstein, L. B. Hering, and Carl Hering, Dewey, Okla., Defendants. No. 89523. Judgment Entry.

"This day came the plaintiff, by his attorney; also appeared in open court, for and on behalf of said defendant Owen T. Taphorn, an attorney at law of this court, and, by virtue of the warrant of attorney annexed to the note attached to the bill of particulars in said cause, shown to have been duly executed by said defendant, waived the issuing and service of process in this action, and confessed a judgment on said note, against said defendant and in favor of said plaintiff, for six hundred and twenty-four dollars and thirty-eight cents ($624.38) being the amount of the principal and interest due on said note, and for the costs taxed and to be taxed, and released and waived all exceptions, errors, and right of appeal in the premises.

"It is therefore considered that said plaintiff recover of said defendant the sum of six hundred and twenty-four dollars and thirty-eight cents ($624.38) being the amount of said note with interest computed at 6 per cent. per annum from the 20th day of April, 1916, and also all costs herein expended, taxed at $12.50."

(Signed) "Judge of the Municipal Court "Geo. F. Tynuth."

The note upon which the purported judgment was rendered was introduced in evidence. It was executed at Dewey, Okla., payable at Cincinnati, O., and contained a warrant of attorney authorizing any attorney at law after the note might become due to appear in any court of record in Oklahoma or elsewhere to waive the issuing of service of process and after the declaration should be filed to confess judgment in favor of the legal holder of the note.

Among other contentions of the defendants was that the purported judgment was void for the reason that the supposed warrant of attorney was not executed in accordance with the requirements of the laws of Oklahoma, not having been acknowledged or proved as is required for conveyances of land, and at the close of the trial the trial court denied the plaintiff's motion for judgment and sustained the defendants' motion for judgment upon several grounds, among them being the above ground, which is decisive of the case.

In Harn v. Cole, 20 Okla. 553, 95 P. 415, appearing in the first volume of reports is-

B. B. Foster and Darall G. Hawk, for plaintiff in error.

Shipman & Lewis, for defendants in error.

SWINDALL, J. On February 27, 1928, the plaintiff instituted in the district court of Washington county an action upon a pur-

sued after statehood, in an opinion by Williams, J., the following rules of law were announced which are directly applicable to the present case: ·

"1. Evidence—Presumptions — Foreign Laws. Where the question arises as to what laws are in force in another state or territory, and the same are neither pleaded nor proved, it will be presumed that such laws are the same as those of our domicile.

"2. Judgment—Judgment by Confession —How Obtained. Under sections 4592, 4594, Wilson's Rev. & Ann. St. 1903, judgment, where there has. not been any previous process or proceeding, upon confession by an attorney, can be entered only when authorized to that end by warrant of attorney acknowledged or proved as conveyances of lands, the defendant having previously filed before the court his affidavit, stating concisely the facts on which the indebtedness arose, and the amount of indebtedness justly due and owing by the defendant.

"3. Same—Foreign Judgment — Proceedings — Insufficiency. Where judgment is sought upon the transcript of a judgment rendered in another state, and it affirmatively appears therefrom that the proceedings were not had in accordance with said sections (4592, 4594, Wilson's Rev. & Ann. St. 1903), there being no proof that the laws of the other state were different from those in force in Oklahoma Territory, no recovery can be had upon such judgment."

This decision has never been overruled, but on the contrary has. been followed, and the. sections cited are still the law of Oklahoma.

The only Ohio laws proven were sections 11594-5-6-7 of the General Code of Ohio, and the plaintiff, who was an attorney, and O. T. Taphorn, who had assumed to confess the judgment, both testified that it was done as "authorized by those sections."

Section 11594 provides that a debtor personally may appear and confess judgment, and is substantially in the language of section 673, C. O. S. 1921. Section 11595 provides for a brief statement of the cause of action in the judgment, or in a writing to be filed as pleadings in other actions, and is substantially the same in language as section 675, C. O. S. 1921.

Section 11597, the only section mentioning a warrant of attorney, reads as follows:

"Warrant of attorney to confess. An attorney who confesses judgment in a case, at the time of making such confession, must produce the warrant of attorney for making it to the court before which he makes the confession; and the original or a copy of the warrant shall be filed with the clerk."

That section is substantially the same in language as section 678, C. O. S. 1921, and manifestly only relates to the manner of exercising the authority, and refers in no way to the manner of the creation of the authority.

One of the sections referred to in Harn v. Cole, supra, the section providing as to the manner of the execution of the warrant of attorney, still appears in our statutes as section 674, C. O. S. 1921, and reads as follows:

"Confession of judgment by attorney. Judgments may be entered upon confession by an attorney, authorized for that purpose by a warrant of attorney, acknowledged or proved as conveyances of land, without any previous process or proceeding; and judgments so entered shall be a lien from the date of entry."

The said sections of the Ohio Code manifestly having nothing to do with the matter of the creation or validity of a warrant of attorney, and there being no evidence that the laws of Ohio differed from the laws of Oklahoma and required no specific form of execution of a warrant of attorney, the case comes squarely within the rule announced in Harn v. Cole, supra.

The plaintiff in his brief states the general proposition that it would be presumed that a court of record of a foreign state had jurisdiction to render such judgment as it purported to render. The contention is so general in terms .as to be of no value to this court. As a matter of fact, the question of jurisdiction generally turns upon facts and not questions of law, and no presumption is indulged in as against a person who was not, a resident of the state in which the judgment was rendered; but it is manifest that no decisions either way under that phase of the rule are of value here. The purported judgment recited the ground of jurisdiction, the alleged warrant of attorney; and jurisdiction having been by the court expressly based upon that ground, we cannot presume that another ground existed. As a matter of fact, at the trial it was admitted that the alleged warrant of attorney was the only claimed basis of jurisdiction. Therefore, the existence of jurisdiction turns upon a clear question of law, whether the presumption in favor of the jurisdiction of a foreign court can permit us to indulge the presumption that the court passed upon the sufficiency of the warrant as a matter of law, and that having done so, the determination of the Ohio court of record as to the law of Ohio would be evidence of the Ohio law and prevent the application of the usual presumption in the

absence of proof that the law of the foreign jurisdiction, whether common law or statutory law, is the same as the law of Oklahoma. In other words, should Harn v. Cole be overruled as a misapplication of the rule to a case of this character? In the trial of his case the plaintiff ignored Harn v. Cole. In his brief he ignored the case. It was cited in the brief of the defendants in error, and the issue was thereby squarely raised. The plaintiff in error ignored the challenge and filed no reply brief. The general statement of an abstract doctrine is manifestly insufficient as a basis for requiring us to overrule decisions squarely in point rested definitely and squarely upon a different rule adopted as a basis of the decisions.

The judgment of the trial court is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.