** Summary **
CERTIFICATE OF LIMITED PARTNERSHIP CANNOT BE SIGNED BY ATTORNEY IN FACT After the date of this opinion, the Secretary of State cannot accept for filing a certificate of limited partnership signed and sworn to by an attorney in fact. The Attorney General has received your letter dated December 18, 1972, wherein you cited, in part, Section 3 of the Limited Partnership Act (Title 54 O.S. 143 [54-143] (1971)), which states: "(a) Two (2) or more persons desiring to form a limited partnership shall: "(1) Sign and swear to a certificate . . . "(2) File for record the certificate in the office of the Secretary of State." Then you requested an opinion on the following questions: "1. In light of the above statute, may the Office of the Secretary of State accept, for filing, certificates of limited partnership signed and sworn by an attorney in fact? "2. If the answer to Question 1 is 'yes,' should this office require filing of the power of attorney? "3. If the answer to Question 2 is 'yes,' should the original be filed, or would a copy be sufficient?" With reference to your first question, it should first be determined whether or not a person who has power of attorney can swear or take an oath on behalf of his principal. Black's Law Dictionary 1334 (Revised 4th Edition 1968) defines power of attorney as follows: "An instrument authorizing another to act as one's agent or attorney. A letter of attorney." 2A C.J.S., Agency, 44, states in part: "Authority may be conferred on an agent by written appointment, and if the writing is formal the authority is said to be conferred by letter of attorney or power of attorney." Thus, the granting of power of attorney creates a particular agency relationship. The next area to be considered is what authority can a principal grant to his agent. 2A C.J.S., Agency, 144, states in part: ". . . A somewhat more exact statement, is that authority can be vested in an agent to do for his principal any lawful act performable by the principal whenever the act involved is not of such character that it can be done only in person . . . ." It would appear that swearing to an instrument, taking an oath, verifying an instrument, or signing an affidavit are acts that are personal in nature. If so, these acts cannot be delegated to another in absence of any constitutional or statutory authority to do so. There is an Oklahoma case that dealt with a similar situation; the signing of an affidavit by defendant who authorizes a judgment by confession. Title 12 O.S. 692 [12-692] (1971) states: "Before any judgment shall be entered by confession, an affidavit of the defendant must be filed, stating concisely the facts on which the indebtedness is thus justly due and owing by the defendant to the plaintiff." (Emphasis added) In Harn v. Cole,20 Okl. 553, 95 P. 45 (1908), an attorney, acting under an alleged power of attorney, filed an answer confessing judgment in favor of the plaintiff. The court held that the affidavit involved was not signed by the defendant, and therefore, did not comply with the statutory requirements because it was not signed by the defendant himself. In summary, Title 54 O.S. 143 [54-143] (1971), provides that the person desiring to form a limited partnership shall sign and swear to a certificate. The language of this statute is very explicit. When this is read with the above cited authority, it appears that a person may not delegate the authority to another to swear to an instrument, take an oath, verify an instrument, or sign an affidavit. It is, therefore, the opinion of the Attorney General that your first question be answered in the negative in that after the date of this opinion, the Secretary of State cannot accept for filing a certificate of limited partnership signed and sworn to by an attorney in fact. Since Question 1 is answered in the negative, it is not necessary to answer Questions 2 and 3. (Todd Markum)