Diven *v.* Spicer.

---

## ALEXANDER DIVEN *vs.* JOHN SPICER.

An allegation in an answer of an agreement by plaintiff to receive back the consideration of the note sued on, and to cancel and deliver the note up to defendant, is no denial of an allegation that the plaintiff then held it.

Allegations in the petition of the existence of a promissory note, and that it was held by plaintiff, not controverted by the answer, are taken as true.

In such a case, the plaintiff is not bound to produce the note, either as a part of his own case, nor, when called upon at the trial, as part of the defendant's, nor for his inspection.

The opinion of the Court contains a full statement of the case.

*O. B. Holman*, for plaintiff in error.

I. The judgment is contrary to the evidence. The petition contained every allegation sufficient to constitute a cause of action. By the failure of defendant to deny, they were taken as true, which made out a perfect cause of action, and the Court should have charged the jury to find for the plaintiff. (*Code*, §§ 137, 138.)

II. The judgment is contrary to law. No such judgment as one of *non suit* can be rendered under our Code. The power of the Court is limited in an action to a " dismissal of the complaint," (*Code*, § 381, *last par.*,) and to " dismissal of the action." (*Code*, § 382, *Subs.* 2, 3, 4, 5.)

This was not a case falling under either of these sections of the Code, but did fall under section three hundred and

eighty-two, subdivision six, and should have been submitted to the jury under the charge of the Court.

III. If the defendant wanted the note to use as evidence, the demand for it was bad, as to time, place and manner. (*Code,* §§ 370, 371.)

IV. The defendant, not having made any proof under his answer on the trial, and the case of the plaintiff being sustained by the pleadings, the Court below should have rendered a judgment for the plaintiff. Therefore this Court must now render that judgment or remand the cause to the Court below, with directions to it to render such a judgment. (*Code,* § 538.)

*Wilson Shannon and E. S. Lowman,* for defendant in error.

I. The plaintiff was bound to prove the material allegations of his petition to entitle him to judgment, if controverted by the answer. (*Chitty's Pl.; Code Civ. Pro. p.* 101, § 137.) The defendant did not controvert the making of a note for one thousand dollars; therefore defendants execution of the note in suit might not be necessary to be proven. (*Ib.*) The admission of defendant, in this respect, simply dispensed with the proof of his signature. (*Greenleaf Ev.,* 2 *vol.,* §§ 157 *and* 158.)

II. Did it dispense with anything more? It was necessary, then, to introduce the note in evidence proven by the admission of the party. A prima facie case was not made by the plaintiff. (*Chitty's Pl.*) The admissions of the defendant only supplied proof of the execution of the note. The jury could not have found a verdict without the note. (*Greenleaf Ev.,* 2 *vol.* § 156; 2 *Starkie Ev.,* 203; 3 *Cowen,* 303; *Story on Bills,* §§ 448-9.)

III. The Court was right in granting the non suit at the trial. It was a judgment for the protection of the plaintiff. Had proof been offered by defendant, and the case submitted, the Court would have been compelled to charge the jury

to find for the defendant.  There was no  basis for a verdict.

IV. It was essential for plaintiff to produce the note upon which the suit was founded before resting his case.  (2 *Wads. R.* 172; 2 *Weird* 556.)  Had he done so, it being in the custody of the Court, the defendant had the same right to its use as the plaintiff.  This is not a case where the defendant is obliged to use written evidence in the possession of the plaintiff.  (*Code* 1859, *p.* 138, § 370.)

V. Inasmuch as the note was not produced when required by the Court, so far as it concerns this case, it must be regarded as lost, and suit at law could not be maintained upon it. (*Story Eq. Jurisp.* §§ 81, 82.)

The loss must be alleged in the petition, and proven, to entitle plaintiff to recover.  (16 *Ves.* 430.)

VI. The defendant, by his answer, denied that the note was in being.  He alleged that it was cancelled.  This made it clearly indispensable for plaintiff to produce it as the very foundation of his claim.  (*Greenleaf Ev.*, 2 *vol. pp.* 151, 152, 153 *and* 154; 2 *Starkie Ev.*, *p.* 253; *Chitty on Bills*, *p.* 616.)

By the Court, EWING, C. J.  This was a suit brought in February, 1859, in the District Court of the Second Judicial District of the Territory of Kansas, sitting in Douglas county, on a promissory note set out in the petition, in the words and figures following:

"PENN YAN, Sept. 25, 1855.

" Three months after date, we jointly and severally promise to pay the president, directors and company of the Yates County Bank, one thousand dollars, at the office of discount and deposit, in Penn Yan, for value received.

" $1,000.                              JOHN SPICER."

The petition states facts sufficient to entitle the plaintiff, as receiver of the Yates County Bank, to have judgment on the note, including a statement that defendant executed the note

described, and delivered it to the bank, for value, and that plaintiff,. as the duly appointed receiver of the bank, then held it for collection.

The defendant, answering, pleaded—

First. The statutes of limitations, approved February 10th, 1859.

Second. That the note sued on was made by defendant and delivered to said Yates County Bank in payment for twenty shares of stock in the bank ; and that afterwards, on the same day, the defendant surrendered the shares of stock, "the bank agreeing to receive the said twenty shares of capital stock and to cancel and deliver up to the said defendant the said. promissory note then held by said Yates County Bank as aforesaid."

Plaintiff filed a demurrer to the answer, which was sustained as to the plea of the statute of limitations, and overruled as to the others.

A jury was then empannelled and sworn, and no testimony being offered by plaintiff, a witness was sworn on behalf of defendant ; but, before any testimony was given, defendant demanded production of the note, and plaintiff failed to produce it. Whereupon, the Court, on motion, entered judgment of non suit, and plaintiff excepted, and filed his petition in error here.

If the demand to produce the note be treated as a demand for inspection, under section three hundred and seventy of the Code, it is bad as to time and manner. And if it were good, the result of the failure to produce the note would only be that the Court might exclude it, if wanted in evidence by the plaintiff; or, in case the defendant wanted to introduce it, direct the jury to presume it such as he might, by affidavit, allege it to be.

Counsel for defendant in error says that the answer denied the existence of the note, and therefore plaintiff could not recover without producing it, or amending his petition setting

Diven *v.* Spicer.

out the loss. The only allegation in the answer approaching a denial of the existence of the note is that "the Yates County Bank agreed to receive the said twenty shares of capital stock and to cancel and deliver up to said defendant the said promissory note then held by said Yates County Bank as aforesaid." Clearly this is no allegation that the note was cancelled or destroyed, and no denial of the allegation that plaintiff then held it.

The case of *Read vs. Gamble,* (10 *Ad. and E.,* 597,) is exactly in point. To an action on a check the defendant pleaded that it was given for money won at an unlawful game of dice: Issue thereon: The defendant did not give notice to produce the check. *Held,* that on this issue, the plaintiff was not bound to produce it, either as part of his own case, or when called upon at the trial, as part of defendant's; and the case of *Sheave vs. Breman,* (10 *Ad. and Ellis,* 593,) where it was held that "it is not necessary to produce the bill at trial unless some issue be joined which renders it requisite, for otherwise the plea admits the bill, and where that is the case there is no necessity to prove it."

In the case before us the existence of the note was not in issue. It was alleged in the petition expressly, and by necessary implication; and not being denied, was to be taken as true. The only issues joined were on the allegations in the answer, of payment in bank shares, and of illegal consideration. The defendant had the affirmative of these issues, and had to offer the first proof. The Court, therefore, erred in giving judgment against plaintiff for failure to produce the note.

Ordered by the Court, that the judgment be reversed, and the cause remanded to the Disttict Court for further proceedings therein.

Judgment here against defendant in error for costs and execution awarded thereon.