**RAY v. RIDPATH, Sheriff, et al.**

No. 19721. Opinion Filed Sept. 16, 1930.

Erwin & Erwin, for plaintiff in error.

Robert Burns and Courtland M. Feuquay, for defendants in error.

EAGLETON, C. T. H. Ray brought suit against M. T. Ridpath, sheriff of Lincoln county, and J. I. Case Plow Works Company, in the district court of Lincoln county, to enjoin the enforcement of a judgment of the district court of Oklahoma county and the levy of an execution issued thereon; for the enforcement of a stipulation of settlement of the Oklahoma county lawsuit; for the possession of certain collateral securities; and for damages. A demurrer to plaintiff's evidence was sustained, and the cause was dismissed. Motion for new trial was overruled. From the judgment plaintiff brings this appeal.

The amended petition, as amended, sets forth: The Plow Works Company brought suit against Ray in the district court of Oklahoma county to recover on certain notes made by him to it, to adjudicate the ownership of certain purported collateral securities, and for possession thereof. Thereafter the suit for possession of the collateral securities was determined in favor of the company, and Ray filed his motion for new trial therein. In the suit for money judgment, Ray, before the action for possession of the collateral was determined, filed answer denying liability and cross-petitioned for money damages for the wrongful and malicious prosecution of the suit for possession of the collateral securities. After the judgment in the suit involving the possession of the collateral securities, to settle both these actions, a stipulation was entered into whereby the amount of indebtedness of Ray to the Plow Company was agreed upon. This included the amount due on his notes to the company including interest and attorney's fees, the amount he had collected on the collateral securities, and failed to account for and pay to the company, and an adjustment of the expenses the company had incurred in endeavoring to collect on the collateral securities. It was agreed the collateral securities should remain the property of the company as security for the unpaid balance due from him to it, but should be kept in certain banks for convenience in collection, and that Ray as agent for the company should have the privilege of endeavoring to have the same renewed and to cause new securities taken therefor where possible. It was further stipulated that

Ray should make certain definite cash payments in the liquidation of this obligation. The stipulation was captioned in the suit for money judgment and dated December 5, 1925. The cash payments were to be made $459.85 on December 12, 1925; $500 January 1, 1926; $500 January 20, 1926; and $500 on the 20th day of each month thereafter. It provided further that the suit for money judgment should be retained on the docket of the court "with the understanding that, if defendant (Ray) defaults in making any of the payments on the due date as herein provided, this plaintiff (the J. I. Case Plow Company) may file this stipulation with said court and obtain judgment for such deficiency as remains unpaid."

The petition further alleged that the $459.85 payment was made, and that on January 15, 1926, a further payment of $200 was accepted by the company; that, about February 1, 1926, a further agreement was entered into whereby Ray was to sell one of his stores and the company was to accept the obligation of the purchaser for the sum of $1,055.29 to satisfy to that extent his obligation under the stipulation; that, on February 20, 1926, the purchaser paid and the company accepted this sum of money and credited the same on two of the notes sued on in the action for money judgment, and returned these notes to the company paying them, and the canceled notes were thereafter delivered to him. These notes were attached as exhibits.

It alleged further that, on February 4, 1926, the company took the stipulation into the district court of Oklahoma county in the suit brought for money judgment, and caused judgment to be entered thereon; that this was done without his knowledge, in violation of his agreement with reference to the payment which the purchaser of his store was to make and did make; that by its conduct defendant company had misled him into believing that he would have the time allowed by the stipulation to make payment of his obligation, and that he had no thought that defendant company was going to declare all the money due and take judgment against him by reason of his defaults; that if defendant company had accepted the obligation of the company purchasing his store as payment, there was no default under the stipulation; that defendant company by its conduct was estopped from declaring a default, from taking the judgment, and from relying on the judgment taken; that by reason of the misleading conduct of defendant company, he was caused not to defend said suit; that the judgment was obtained by fraud; that it

was irregularly taken, was void and of no effect.

It further alleged that defendant company was threatening to enforce the judgment by the levy of an execution then in the hands of the defendant sheriff, and unless restrained and enjoined would so enforce it; that he had no adequate remedy at law and offered to do equity "upon adjudication of his claim for damage" in case any balance is found to be owing to defendant company.

In his second cause of action, he alleged that he had given to defendant company as collateral security for his obligations some $14,000 worth of notes secured by chattel and crop mortgages; that defendant company by its negligent handling of the collateral notes failed to make collection thereof, and that defendant company advised the makers thereof not to make payment to him for he "was attempting to obtain payment of said notes to himself and appropriate and embezzle the same," which statements were false, and that he had been damaged by reason of the negligent and malicious acts of the defendant company in the sum of $10,000.

The defendants answered by general denial, and pleaded as an affirmative defense that plaintiff had sued in the action in the district court of Oklahoma county by way of cross-petition, alleging the same cause of action he alleges in his second cause of action herein, and alleged that same had been finally adjudicated therein. They attached a copy of the pleading filed by Ray in the other action as an exhibit to their answer in this action. This answer was unverified.

Ray filed an unverified general denial as a reply thereto.

Plaintiff first complains that he was entitled to judgment on his first cause of action on the pleadings. He reasons that the answer was not verified, so it was admitted by the pleadings that defendant company did not have the notes canceled in the judgment which it took on February 4. 1926; that it retained possession of the notes, continued to hold them as obligations of the plaintiff, and so the judgment is void. With this we cannot agree. It is true the unverified denial contained in defendants' answer does not put in issue the question of the endorsement of payment which defendant company, by its attorney, placed on these two notes on February 20, 1926. Compiled Oklahoma Statutes, section 287; Berry v. Oklahoma State Bank, 50 Okla. 484, 151 Pac. 210; Spaulding v. Thompson, 60 Okla. 136, 159 Pac. 509; St. Louis & S. F. Ry. Co., v. Bruner, 52 Okla. 349, 152 Pac. 1103; First State Bank v. Lock, 113 Okla. 30, 237 Pac. 606. But what of it? There was no issue made in the case as to the credits to which he was entitled. Defendant company did not deny that it had received this money. It is not necessary to introduce a note in evidence in the absence of an issue on it. The rule with reference to the introduction of a note in evidence at a trial for judgment thereon is stated in 8 C. J. 1058, cited by plaintiff in his brief as follows:

"The bill or note sued on must in general be produced at the trial before a verdict and judgment can be reached thereon, or an excuse shown for its nonproduction, as that it is lost or destroyed, or is in the possession or control of the other party, unless everything which the production of a note in evidence would prove is admitted by the pleadings."

The Supreme Court of Kansas in Williams v. Norton, 3 Kan. 295, had this question under consideration. The court therein said:

"Something was said in the argument about the nonproduction of the note at the trial. There was no necessity of offering it in evidence. Everything such a performance would have proved, or tended to prove, was admitted by the pleadings. It might have been very gratifying to the defendants to have inspected their signatures with a view of ascertaining whether there had been any change for the better or worse in their handwriting; or for the purpose of bringing more vividly to their recollections some delightful incident connected with its execution, but the law does not contemplate any such pleasant amusement during the progress of a trial, and the production of the paper being wholly unnecessary as a matter of evidence, the plaintiff was not required from legal considerations to perform an act so entirely supererogatory."

To the same effect is Diven v. Spicer, 1 Kan. 103.

The failure to introduce these notes in evidence at the time judgment was taken was not necessary, for the stipulation which was filed was signed by Ray, and it admitted the indebtedness for which the judgment was entered. There is no evidence in this case that defendant company is endeavoring to collect by its judgment, and the execution issued on it, more than is actually due it after giving to Ray credit for all payments made to it by him or for his credit. The endorsement of payment on these notes could have no other effect, under the circumstances alleged or proven, than to evidence the receipt of the money paid.

Plaintiff next contends that the stipula-

tion could have no other force than an attempted confession of judgment, and that it, as such a confession, did not comply with or satisfy the requirements of Compiled Oklahoma Statutes, section 676, and therefore the purported judgment is void. With this contention we cannot agree. This is not a confession of judgment within the purview of that section of our statute. The stipulation is rather in the nature of a pleading which binds the party to the facts alleged. It was an agreement entered into between parties to a lawsuit and filed therein. Plaintiff, after he was sued in two lawsuits and the issues were made up therein, entered into a settlement of both of them. In the settlement he agreed that, if he failed to perform his obligations thereunder, the court should enter judgment against him, and this was done. He has no cause to complain thereof, if, in fact, he was in default on his obligation.

Plaintiff, in support of this contention, cites Harn v. Cole, 20 Okla. 553, 95 Pac. 415, and McNair v. Underwood, 55 Okla. 585, 155 Pac. 553. In each of these cases, suit was filed, and without service of summons appearance was made by attorney under the purported power of attorney contained in the obligation sued on and judgment entered. This court held in each case that the authority to so confess judgment was defective. They are not analogous to the case at bar.

Plaintiff next contends that his testimony as to the agreement to accept the obligation of the purchaser of his store as payment was sufficient to make an issue on whether or not he was in default at the time the judgment was entered. With this we cannot agree. He did not testify that defendant company agreed to withhold taking judgment against him under the stipulation at any time, or for any consideration, nor did he introduce evidence to sustain an executed oral agreement to modify his written obligation of settlement. No fraud was proved. The most that can be said for him is that he was hopeful that he would be able to keep defendant pacified by paying or causing to be paid to it money as he could make arrangements for it.

We next come to the question: Did plaintiff make out a prima facie case on his cross-petition for damages? We think not. His petition alleges that he was sued for possession of the note, as well as for money judgment, and that these suits were settled by the stipulation which was used in obtaining the money judgment against him, which judgment is here complained of. Defendants, in their answer, to support their plea of res adjudicata as to the damage action, pleaded the cross-petition filed by plaintiff in the action brought in the Oklahoma county district court. Ray did not put the correctness of this pleading in issue by his unverified denial. By his failure to do so, he admitted its correctness. He, on the witness stand, admitted that he had filed a cross-petition for damages in the other suit, and that the attorneys whose names were signed to the copy thereof pleaded were his attorneys therein. The stipulation signed by Ray and the judgment entered thereon finally settled and foreclosed him from again litigating that question.

It was not necessary that there be other proof of the judgment entered or claimed to be entered in the district court of Oklahoma county, for the stipulation signed settled all questions litigated or to be litigated in those actions as well as all questions which should have been adjudicated therein. Plaintiff in his petition specifically pleads that the stipulation was signed for the very purpose of terminating the litigation in Oklahoma county.

Defendants in their brief question the right of the plaintiff in this action to attack the judgment of another court for the irregularities he claims inhere in them. They contend the defects complained of cannot be reached by this collateral attack. As there is no merit to the appeal on the grounds considered, we will not pass upon this question.

The cause is affirmed.

BENNETT, DIFFENDAFFER, HERR, and LEACH, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (3) 15 R. C. L. p. 1046. See "Bills and Notes," 8 C. J. §1367, p. 1059, n. 13. "Fraud," 27 C. J. §208, p. 73, n. 57. "Judgments," 34 C. J. §258, p. 97, n. 54; §1503, p. 1065, n. 53.