1998 OK CIV APP 47

**Betty F. GUTHRIE, Appellee,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. I–30 OF ADAIR COUNTY, Oklahoma, a/k/a Cave Springs Public Schools, Appellant.**

No. 86582.

Court of Civil Appeals of Oklahoma, Division No. 4.

March 11, 1997.

Rehearing Denied May 6, 1997.

Certiorari Denied Dec. 1, 1997.

Phil R. Richards, Thomas D. Hird, Richards, Paul & Richards, Tulsa, for Appellant.

Richard O'Carroll, O'Carroll & O'Carroll, Tulsa, for Appellee.

## MEMORANDUM OPINION

TAYLOR, Vice Chief Judge.

Defendant, Independent School District No. I-30, Adair County, a/k/a Cave Springs Public Schools (District), appeals from the trial court's judgment on a jury verdict against District in an employment dispute with Plaintiff, Betty Guthrie, a former school counselor. Finding the trial court erred in denying District's motion for directed verdict at the close of the evidence, we vacate the judgment and remand with directions to enter judgment for District.

The record reflects Plaintiff, a probationary public school teacher, brought this action to recover for District's alleged breach of contract and violation of her due process rights. In October 1995, the matter was tried to a jury, which rendered a verdict for Plaintiff for $20,000. The trial court entered judgment against District on the verdict. District appeals, asserting error in the trial court's denial of District's demurrer to the evidence at the close of Plaintiff's case, and denial of its motion for directed verdict at the close of the evidence. District further alleges the verdict is not sustained by the evidence and is contrary to law.

The trial transcript reveals Plaintiff and District entered into an employment contract in November 1990. The contract specified that District employed Plaintiff to serve "in the capacity of COUNSELOR" for the 1990–91 fiscal year, "beginning 11/26/90 and ending 6/30/91." The contract also contained the following language:

> This is a temporary contract which terminates automatically should Title VII funding be terminated at any time during the term of this contract. No payment will be made of salary under this contract unless and until certification is approved by the Oklahoma State Department of Education.

It is undisputed that, at the time she entered into the contract, Plaintiff had not yet taken the state examination necessary for her to be certified as a counselor. She did, however, obtain a temporary, emergency certificate which was valid from November 1990 until the end of the fiscal year, i.e., June 30, 1991. In the intervening time period, she testified, she understood and intended that she would take the state examination and obtain a permanent counselor's certificate.

Plaintiff took the counselor certification exam in February 1991, her first opportunity to do so after she was hired by District. On March 11, 1991, the Cave Springs Board of Education met and, pursuant to Cave Springs Superintendent Joe Lindsey's recommendation, voted to renew the contracts

of several teachers for the 1991–92 fiscal year, including Plaintiff's. In late March, however, Plaintiff received notification that she had failed the counselor's exam. She discussed the matter with Lindsey, who, she testified, encouraged her to take the next exam, which was offered in May 1991. In late June 1991, Plaintiff learned she had again failed. Her emergency certificate expired at the end of June, and the next exam was not offered before the beginning of the 1991–92 school year on August 8, 1991.

Plaintiff informed Lindsey she had failed the May exam. Though the timing and substance of her conversation with Lindsey is disputed, it is undisputed that both Plaintiff and Lindsey understood, at that time, that Plaintiff would not be able to serve as counselor for District without the permanent certificate. It also is undisputed that Plaintiff was ineligible to receive another emergency certificate.

Nonetheless, Plaintiff testified, she reported to school on the first day of the 1991–92 academic year. According to her testimony, she discovered at that time that another individual had been hired as counselor (also under an emergency certificate), and that Plaintiff no longer had a job. She testified she spoke with Lindsey that day, and he told her that positions were open for a secretary and a custodian, if she was interested. She informed him she was not interested, and, ultimately, took the matter before the board of education at its August 12 meeting. Minutes from that meeting reflect that the board considered the matter during "executive session." Upon returning from executive session, the board approved the employment of another individual as counselor, and took no further action as to Plaintiff. Plaintiff has never received formal written notification by certified letter that her contract terminated.

Plaintiff sued District, alleging breach of contract and violation of due process. The jury awarded her $20,000, and the trial court thereafter granted her motion for attorney fees and costs.

■■■ Ordinarily, a reviewing court will not disturb a jury verdict and the judgment based on it where there is any competent evidence "reasonably tending to support the verdict of the jury." *Walker v. St. Louis–San Francisco Ry. Co.,* 646 P.2d 593, 597 (Okla.1982). Though this standard of review is difficult for an appellant to overcome, it comes into play only when the matter at hand was appropriately submitted to the jury in the first place. The question of whether the evidence was sufficient to have been submitted to a jury, raised by a motion for directed verdict, presents a legal issue for our consideration. We thus review the question pursuant to a de novo, or non-deferential, standard of review. *Weeks v. Cessna Aircraft Co.,* 895 P.2d 731 (Okla.Ct.App. 1994).

■■■ "It is well established that a motion for directed verdict ... raises the question of whether there is any evidence to support a judgment for the party against whom the motion is made." *Woods v. Fruehauf Trailer Corp.,* 765 P.2d 770, 773 (Okla.1988) (footnote omitted). In ruling on the motion, "the trial court must consider as true all the evidence and all the inferences reasonably drawn therefrom" that are favorable to the nonmovant. *Id.* A demurrer to the evidence and a motion for directed verdict should be denied when there is a controverted question of fact as to which reasonable minds could differ. *Fletcher v. Meadow Gold Co.,* 472 P.2d 885, 888 (Okla.1970). The motion should be granted, however, if the party opposing the motion has failed to demonstrate a prima facie case for recovery. *Ray v. Ridpath,* 145 Okla. 69, 291 P. 546 (1930). Thus, we must examine the elements necessary for a prima facie case of recovery for breach of contract.

The law of teacher contracts in Oklahoma is governed, in large part, by 70 O.S.1991 and Supp.1996, art. VI. Under section 6–101(B):

> [N]o board of education shall have authority to enter into any written contract with a teacher who does not hold a valid certificate issued or recognized by the State Board of Education authorizing said teacher to teach the grades or subject matter for which the teacher is employed.

A "counselor" is included in the definition of a teacher. 70 O.S.1991 § 6–101.3(8). Under section 6–108, in order to lawfully serve

as a counselor, an individual must·obtain "a valid certificate of qualification issued in accordance with the rules and regulations of the State Board of Education." Section 6–108 further provides it is "unlawful" for a person to serve, or agree to serve for such a position "unless such person holds a valid certificate of qualification . . . to perform the services the person . . . contracts or agrees to perform."

State statutes also require that, if the Oklahoma Teacher Due Process Act[1] (TDPA) applies to a teacher, and if a super-intendent "decides to recommend" the teacher be "dismissed" or "not reemployed," certain procedures must be followed to afford the teacher due process. *See* 70 O.S.1991 § 6–101.25; *see also* 70 O.S.1991 § 6–101.23. Under section 6–101.23(B), the dismissal and suspension procedures of the TDPA apply to teachers employed in positions "fully funded by federal or private categorical grants." It is undisputed that District did not·follow the TDPA as to Plaintiff. Under the evidence presented, however, we do not believe District was required to do so.

■ "Except in so far as controlled by the constitution or by statute, the making, requisites, and validity of a contract of employment of a teacher in the public schools are governed by the rules relating to contracts generally." *Smith v. School Dist. No. 1, Marshall County,* 187 Okla. 184, 102 P.2d 131, 132 (1940) (syllabus 1). Oklahoma's law of contracts has long held it is essential to a valid contract's existence that the contract have "a lawful object,"· 15 O.S.1991 § 2, and "lawful consideration," 15 O.S.1991 § 108. Otherwise, the contract is illegal, and void. 15 O.S.1991 § 104.

■ Here, neither party disputes that the contract was valid when it was renewed by District in March 1991, inasmuch as Plaintiff, at the time, held a proper,·though temporary, counselor's certificate. District contends, however, that Plaintiff's failure to obtain a permanent certificate operated as a forfeiture and extinguished the contract, because obtaining a permanent certificate was a condition of the contract. We are aware of the rule discouraging construction of a contract in a way that works a forfeiture unless the plain, unambiguous language of the contract so requires. *See McAtee v. Wes–Lee Corp.,* 566 P.2d 442 (Okla.1977). In this case, however, there is no reasonable construction that can be given to the contract other than one recognizing the contract was incapable of being legally performed *unless* Plaintiff obtained her counselor's certificate.

Plaintiff argues that a factual issue exists concerning the contract's performance or breach, because the March 1991 contract renewal "was not contingent on [Plaintiff] serving as a counselor."· Plaintiff asserts this argument apparently because the board of education minutes, where renewal of Plaintiff's contract was approved, do not specify such a condition.

It is true the minutes in question do not state the job title for each of the 19 individuals recommended for reemployment by Lindsey at the March 11, 1991, board meeting. In the absence of any evidence that the parties intended, by this vote, to change the relevant contract term, however, Plaintiff's argument on this point begs the issue. As noted above, the *contract itself specifies that Plaintiff is employed to serve "in the capacity of COUNSELOR."* This language, on its face, plainly and unambiguously evidences an intent that Plaintiff's employment was contingent on her service as a counselor. This intent is·borne.out by Plaintiff's own testimony at trial, where she admitted that she knew she had to obtain counselor certification from the State Board of Education in order to perform the contract. Her failure to obtain that certification prior to the time her temporary certificate expired operated to transform the contract from a legal to an illegal one, and extinguished it. Plaintiff thereby forfeited her right to expect the District to perform thereunder. As such, her argument that District breached the contract fails as a matter of law.

■ Plaintiff's argument that she was entitled to notice and a hearing under the TDPA also fails. We note, again, that Oklahoma's TDPA *does* apply to teachers who are

1. 70 O.S.1991 and Supp.1996 §§ 6–101.20 through 6–101.30.

"*employed in* positions fully funded" by federal grants, and who are suspended or dismissed by a school district. We presume from the contract language appearing in the record that Plaintiff's position was so funded. We have found, however, that Plaintiff's employment contract ceased to exist by operation of law when Plaintiff failed to fulfill a condition essential to its performance. Thus, the TDPA—i.e., the source of Plaintiff's due process claim—ceased to apply, and District was relieved of any obligation to comply with the requirements of the act. Plaintiff's claim of a due process violation therefore fails, as well, and the trial court's submission of that issue to the jury also was in error.

Accordingly, the judgment of the trial court is vacated, and this matter is remanded with instructions to enter an order directing a verdict for District, and to enter judgment thereon.

VACATED AND REMANDED WITH INSTRUCTIONS.

GOODMAN, P.J., and REIF, J., concur.

