2012 OK 76

KWD RIVER CITY INVESTMENTS, L.P., an Oklahoma Limited Partnership, Teresa Morris, Plaintiff/Appellee,

v.

ROSS DRESS FOR LESS, INC., a Virginia Corporation, Defendant/Appellant.

No. 109,176.

Supreme Court of Oklahoma.

Sept. 18, 2012.

Betty Outhier Williams, Betty Outhier Williams Law Office, Muskogee, Oklahoma, for Plaintiff/Appellee.

Anton J. Rupert, Crowe & Dunlevy, Oklahoma City, Oklahoma, for Defendant/Appellant.

REIF, J.:

¶1 The issue in this case is whether the parties' dispute over a provision in their lease for a shopping center store must be resolved under the arbitration provision in the lease or can be resolved by a proceeding in district court. The disputed provision provides that landlord KWD would not alter the exterior of the shopping center without the consent of tenant Ross Dress for Less. KWD admits that it allowed another tenant to alter the shopping center's exterior at that tenant's store location without Ross' consent. However, KWD has maintained that Ross unreasonably withheld its consent in violation of the consent provision. KWD contends that the unreasonableness of Ross' refusal to consent is demonstrated by Ross conditioning its consent upon KWD making exterior alterations to benefit Ross.

¶2 KWD filed an action in district court to resolve this dispute. Ross filed a motion to compel arbitration. The trial court denied the motion to compel arbitration. On appeal taken by Ross, the Court of Civil Appeals reversed, ruling that the parties' dispute was subject to arbitration. The Court of Civil Appeals noted that Ross was alleging breach of contract, was claiming damages in the amount of $50,000 and the arbitration provision expressly applied to claims that were $50,000 or less. On certiorari to this Court, KWD argues that the Court of Civil Appeals erred in this analysis, because Ross suffered no damages as a result of KWD (1) allowing the other tenant to change the shopping center exterior at its store location and (2) refusing the additional benefits demanded by Ross as a condition of its consent. KWD asserts that the only remedy Ross is entitled to receive (if allowing the exterior's alteration without Ross' consent is found to constitute a breach) is an equitable remedy to return the shopping center exterior to the status quo. KWD points out that disputes involving equitable remedies are expressly excluded from the arbitration provision.

¶3 The "question of arbitrability" is one for the courts to decide. *Oklahoma Oncology & Hematology P.C. v. U.S. Oncology, Inc.*, 2007 OK 12, ¶25, 160 P.3d 936, 946. Courts will enforce arbitration agreements according to the terms of the parties contract and will not impose arbitration upon parties where they have not agreed to do so. *Id.*, ¶22, 160 P.3d at 944. Before ordering arbitration, the court must determine whether the parties agreed to submit a particular dispute to arbitration. *Id.*, ¶22, 160 P.3d at 945. Such determinations are reviewed de novo. *Id.*, ¶19, 160 P.3d at 944. Upon de novo review, we agree with KWD, vacate the Court of Civil Appeals opinion and affirm the trial court's denial of the motion to compel arbitration.

¶4 The demands that Ross made as a condition on its consent for another tenant to alter the shopping center exterior involved benefits that were not otherwise provided for in the parties' contract. Ross' demands (to paint exterior accents at Ross' store location and to add a second panel on the shopping center pylon sign) were nothing more than requests to modify the parties' lease. KWD was free to reject such modification of the lease. KWD's act of allowing the exterior change without agreeing to such modification created no right on the part of Ross to recover the value of these improvements as "damages."

¶5 While a party may seek relief in order to receive the agreed benefits created by the contract, such relief is not necessarily monetary damages. The only right or benefit that Ross received under the consent provision is for the exterior to remain unchanged until it consents to proposed alterations. However, Ross forfeits such right or benefit if its consent is unreasonably withheld. Stated another way, Ross' consent is unnecessary as a condition to exterior alterations whenever it is unreasonably withheld.

¶6 If the court determines that Ross did not unreasonably withhold its consent, Ross' relief or remedy is an order compelling KWD to restore the exterior's status quo. If the court determines that Ross did unreasonably withhold its consent, KWD is entitled to a judgment declaring such fact as well as a judgment prohibiting Ross from interfering with the change in the shopping center's exterior at the other tenant's store location. The relief by which each party can receive

their respective benefit under the consent provision is purely equitable and disputes involving equitable remedies are excluded from arbitration by the express terms of the arbitration provision.

¶ 7 Based on the foregoing, we hold the Court of Civil Appeals erred in its construction of the parties lease, in its analysis of the parties claims and in ordering arbitration contrary to the terms of the arbitration agreement. Accordingly, we vacate the opinion of the Court of Civil Appeals and affirm the trial court's denial of Ross' motion to compel arbitration.

**CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; TRIAL COURT'S DENIAL OF MOTION TO COMPEL ARBITRATION AFFIRMED.**

¶ 8 TAYLOR, C.J., COLBERT, V.C.J., WATT, EDMONDSON, REIF, COMBS, and GURICH, JJ., concur.

¶ 9 KAUGER, J., concur in part; dissent in part.

¶ 10 WINCHESTER, J., dissent.