2016 OK CIV APP 27

**The KEY FINANCE, INC.,**
**Plaintiff/Counter–De-**
**fendant/Appellee,**

v.

**DJ KOON, Defendant/Counter–**
**Plaintiff/Appellant.**

**No. 112,853.**

Court of Civil Appeals of Oklahoma,
Division No. 2.

Oct. 6, 2015.

Mark K. Stonecipher, Fellers, Snider, Blankenship, Bailey & Tippens, P.C., Oklahoma City, OK, for Plaintiff/Counter–Defendant/Appellee.

M. Kathi Rawls, Minal Gahlot, Rawls Law Office, PLLC, Moore, OK, for Defendant/Counter–Plaintiff/Appellant.

JERRY L. GOODMAN, Vice–Chief Judge.

¶ 1 DJ Koon (Koon) appeals an April 16, 2014, order granting Key Finance, Inc.'s (Key) motion for directed verdict and motion to compel arbitration. Based upon our review of the record and applicable law, we reverse and remand for further proceedings consistent with this opinion.

## BACKGROUND

¶ 2 Koon purchased a 2005 Nissan Sentra from The Key, Inc. d/b/a The Key Cars (Key Cars) on July 14, 2012. To purchase the vehicle, Koon executed a Purchase Agreement, a Motor Vehicle Retail Installment Sales Contract, and an Arbitration Agreement as well as financing with Key. The Arbitration Agreement provides **"ARBITRATION AGREEMENT,"** and **"This Arbitration Agreement significantly affects your rights in any dispute with us. Please read this Arbitration Agreement carefully before you sign it."**

¶ 3 Koon subsequently defaulted on his loan with Key. Key repossessed the vehicle, sold it, and on June 28, 2013, filed suit to collect on the deficiency owed. Koon an-

swered and counter-claimed for violation of the Uniform Commercial Code, Oklahoma Consumer Protection Act, Federal Odometer Act, Oklahoma Vehicle License and Registration Act, *inter alia*, and seeking to certify a class action.

¶ 4 On October 11, 2013, Key filed a motion to dismiss and motion to compel arbitration. Koon objected, requesting a hearing on the motion to compel arbitration, asserting lack of assent, fraud, waiver, and unconscionability. Koon contended, *inter alia*, Key's agent falsely explained the Arbitration Agreement to him, stating it awarded an attorney's fee to Key if Koon defaulted on payments and litigation was necessary. In addition, Koon asserted that neither the Purchase Agreement nor Retail Installment Sales Contract contained an arbitration agreement. The Retail Installment Sales Contract did, however, contain an acknowledgement that provides: "If checked, I acknowledge that you and I have signed a separate arbitration agreement. That agreement is hereby attached and the terms are incorporated into the terms of this contract." Koon noted the box was not checked. Thus, Koon maintained assent was lacking.

¶ 5 The trial court ultimately granted Key's motion to compel arbitration by order entered on January 22, 2014, stating "[a]ll claims asserted in this action by the parties are hereby compelled to be pursued in a binding arbitration...." On February 3, 2014, Koon filed a motion to reconsider, asserting fraud, lack of assent, and waiver. The trial court granted the motion and ordered the parties to appear for an evidentiary hearing on the "limited issue of whether [Key's] agent conveyed a false impression to [Koon] with respect to the arbitration agreement...."

¶ 6 A hearing was held on April 10, 2014. Koon testified Key's agent explained the Arbitration Agreement to him by stating that if Koon took legal action and lost or Key was required to undertake legal action, Koon would be responsible for its attorney's fee. Koon stated the agent never mentioned it was an arbitration agreement or that the document limited his rights to court. After Koon testified, the trial court granted Key's

motion for directed verdict, finding Key's agent did not convey a false impression to Koon regarding the Arbitration Agreement. By order entered on April 16, 2014, the trial court stayed the action pending the completion of binding arbitration. Koon appeals.

## STANDARD OF REVIEW

[1–4] ¶ 7 A motion for directed verdict presents "the question of whether there is any evidence to support a judgment for the party against whom the motion is made." *Woods v. Fruehauf Trailer Corp.*, 1988 OK 105, ¶ 8, 765 P.2d 770, 773. In ruling on such a motion, a trial court must consider as true all the evidence and all the inferences reasonably drawn therefrom that are favorable to the party opposing the motion. *Id.* "[A]ny conflicting evidence favorable to the movant must be disregarded." *Id.*

> [A] motion for a directed verdict should be denied when there is a controverted question of fact as to which reasonable minds could differ. The motion should be granted, however, if the party opposing the motion has failed to demonstrate a prima facie case for recovery.

*Guthrie v. Independent Sch. Dist. No. I–30 of Adair Cty.*, 1998 OK CIV APP 47, ¶ 10, 958 P.2d 802, 804 (citations omitted). This Court's standard of review of a trial court's grant of a directed verdict is *de novo*. *Computer Pub's, Inc. v. Welton*, 2002 OK 50, ¶ 6, 49 P.3d 732, 735.

■ ¶ 8 With respect to arbitration, "[t]he court must determine whether the parties agreed to submit a particular dispute to arbitration." *KWD River City Invs., L.P. v. Ross Dress for Less, Inc.*, 2012 OK 76, ¶ 3, 288 P.3d 929, 930. "Generally, the existence of an agreement to arbitrate is a question of law to be reviewed by a *de novo* standard." *Bruner v. Timberlane Manor Ltd. P'ship*, 2006 OK 90, ¶ 8, 155 P.3d 16, 20. We also review *de novo* "an order granting or denying a motion to compel arbitration." *Thompson v. Bar-S Foods Co.*, 2007 OK 75, ¶ 9, 174 P.3d 567, 572.

## ANALYSIS

¶ 9 Koon asserts several propositions of error on appeal. However, Koon has only appealed the April 16, 2014, order. Accordingly, this appeal is limited to: 1) whether the trial court properly granted Key's motion for directed verdict, finding there was no fraud in the inducement of the Arbitration Agreement; and 2) whether the trial court therefore properly granted Key's motion to compel arbitration.

¶ 10 "The [Federal Arbitration Act] ["FAA"] applies to contracts affecting interstate commerce. 9 U.S.C.A. § 1 (2000)." *Rogers v. Dell Computer Corp.*, 2005 OK 51, ¶ 11, 138 P.3d 826, 829. "The FAA reflects the fundamental principle that arbitration is a matter of contract." *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 67, 130 S.Ct. 2772, 177 L.Ed.2d 403 (2010). "The FAA thereby places arbitration agreements on an equal footing with other contracts ... and requires courts to enforce them according to their terms." *Id.* (citations omitted). "Like other contracts, however, they may be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability.'" *Id.* at 68, 130 S.Ct. 2772 (quoting *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996)). The FAA "is a congressional declaration of a liberal federal policy favoring arbitration agreements." *Continental Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 730–31 (7th Cir.2005) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id.*

¶ 11 Title 9 U.S.C.A. § 2 provides:

A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

¶ 12 In *Rent–A–Center*, the United States Supreme Court explained:

There are two types of validity challenges under § 2. "One type challenges specifically the validity of the agreement to arbitrate," and "[t]he other challenges the contract as a whole, either on a ground that directly affects the entire agreement (e.g., the agreement was fraudulently induced), or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid." *Buckeye [v. Cardegna]*, 546 U.S. [440], at 444, 126 S.Ct. 1204 [163 L.Ed.2d 1038 (2006)]. In a line of cases neither party has asked us to overrule, we held that only the first type of challenge is relevant to a court's determination whether the arbitration agreement at issue is enforceable. See *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–404, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); *Buckeye*, supra, at 444–446, 126 S.Ct. 1204; *Preston v. Ferrer*, 552 U.S. 346, 353–354, 128 S.Ct. 978, 169 L.Ed.2d 917 (2008). That is because 9 U.S.C.A. 2 states that a "written provision" "to settle by arbitration a controversy" is "valid, irrevocable, and enforceable" without mention of the validity of the contract in which it is contained. Thus, a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate. "[A]s a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract." *Buckeye*, 546 U.S., at 445, 126 S.Ct. 1204; see also *id.*, at 447, 126 S.Ct. 1204 (the severability rule is based on 9 U.S.C.A. 2).

*Id.* at 70–71, 130 S.Ct. 2772.

¶ 13 The elements of actionable fraud are: (1) a material misrepresentation; (2) known to be false at the time made; (3) made with specific intent that a party would rely on it; and (4) reliance and resulting damage. *Bowman v. Presley*, 2009 OK 48, ¶ 13, 212 P.3d 1210, 1218. Fraud is divided into actual fraud and constructive fraud. *Pa-*

*tel v. OMH Med. Ctr., Inc.,* 1999 OK 33, ¶ 34, 987 P.2d 1185, 1199 (citations omitted). Actual fraud requires the intentional misrepresentation or concealment of a material fact which substantially affects another person. *Faulkenberry v. Kansas City Southern Railway Co.,* 1979 OK 142, ¶ 4, 602 P.2d 203, 206. Constructive fraud is a breach of either a legal or equitable duty that does not necessarily involve any moral guilt, intent to deceive, or actual dishonesty of purpose. *Id.* It may be defined as any breach of a duty which, regardless of the actor's intent, gains an advantage for the actor by misleading another to his prejudice. *Patel,* at ¶ 34, 987 P.2d at 1199. Where a party has a duty to speak, but remains silent, there may be constructive fraud. *Evers v. FSF Overlake Assocs.,* 2003 OK 53, ¶ 16 fn. 3, *77 P.3d 581,* 587 fn. 3 (citations omitted).

 ¶ 14 In *Deardorf v. Rosenbusch,* 1949 OK 117, ¶ 8, 206 P.2d 996, 998, the Oklahoma Supreme Court held:

> A duty to speak may arise from partial disclosure, the speaker being under a duty to say nothing or to tell the whole truth. One conveying a false impression by the disclosure of some facts and the concealment of others is guilty of fraud, even though his statement is true as far as it goes, since such concealment is in effect a false representation that what is disclosed is the whole truth.

"In determining whether there is a duty to speak, consideration must be given to the situation of the parties and matters with which they are dealing." *Silk v. Phillips Pet. Co.,* 1988 OK 93, ¶ 33, 760 P.2d 174, 179. "If on account of peculiar circumstances there is a positive duty on the part of one of the parties to a contract to speak, and he remains silent to his benefit and to the detriment of the other party, the failure to speak constitutes fraud." *Id.*

 ¶ 15 In the present case, Koon asserted that Key's agent affirmatively represented the following about the document he was signing: 1) if they had to sue, Koon would be responsible for their attorney's fee and all costs of their attorney; 2) that "if I took legal action against them and lost, I'd have to pay their attorneys['] fees;" 3) after Koon hesitated in signing the document, Key's agent told him he had to sign the document if he wanted to buy the car; and 4) that Key's agent never told him that the Arbitration Agreement meant he was giving up his rights to court.

 ¶ 16 Viewing as true "all evidence favorable to [Koon] and all reasonable inferences drawn therefrom, and disregarding all evidence favorable to [Key]," we must reverse the trial court's grant of Key's motion for directed verdict. *Computer Pub's, Inc. v. Welton,* 2002 OK 50, ¶ 6, 49 P.3d 732, 735. Koon has presented evidence that Key's agent owed him a duty of full disclosure because the agent chose to speak regarding the Arbitration Agreement. The fact that this is an arbitration agreement is clearly a material fact. However, silence as to a material fact is not necessarily, as a matter of law, equivalent to a false representation; there must have been an obligation to speak. Key's agent's partial disclosure or representation to Koon conveyed a false impression of the purpose and content of the document he signed, *i.e.,* stating the document awarded an attorney's fee to Key if Koon defaulted on payments and litigation was necessary. As a result, a duty to speak arose, "the speaker being under a duty to say nothing or to tell the whole truth." *Deardorf,* 1949 OK 117, at ¶ 8, 206 P.2d at 998. Although there is no evidence Koon is illiterate, that he was prevented from reading the document, or that the agent's statements were necessarily untrue, "one conveying a false impression by the disclosures of some facts and the concealment of others is guilty of fraud ... since concealment is in effect a false representation that what is disclosed is the whole truth." *Uptegraft v. Dome Pet. Corp.,* 1988 OK 129, ¶ 10, 764 P.2d 1350, 1353. Accordingly, the trial court erred in granting Key's motion for directed verdict.

## CONCLUSION

¶ 17 The trial court's April 16, 2014, order compelling arbitration upon the granting of a directed verdict finding no fraud in the inducement of the Arbitration Agreement is therefore in error and is reversed. The mat-

ter is remanded to the trial court for further proceedings consistent with this opinion.

¶18 **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

FISCHER, P.J., and WISEMAN, J., concur.