OSCN Found Document:BRIAN HAMLIN v. EDWARD HENRY YOB, et al.

 

 
 BRIAN HAMLIN v. EDWARD HENRY YOB, et al.2026 OK CIV APP 8Case Number: 122378Decided: 02/06/2026Mandate Issued: 03/12/2026THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2026 OK CIV APP 8, __ P.3d __

 

SUBSTITUTE OPINION AFTER
THE COURT'S PRIOR OPINION HAVING BEEN WITHDRAWN

THIS OPINION HAS BEEN RELEASED FOR PUBLICATION
BY ORDER OF THE COURT OF CIVIL APPEALS

BRIAN HAMLIN, Plaintiff/Appellant,
vs.
EDWARD HENRY YOB, STEVEN YOB, GEORGE KYLER BAREFIELD, JR., THE MARY E. O'REILLY YOB REVOCABLE TRUST, AND ADDICTED OUTDOORS, LLC., Defendants/Appellees.

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE, KELLY GREENOUGH TRIAL JUDGE

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH
INSTRUCTION

Stephen J. Capron, CAPRON & EDWARDS, PLLC, Tulsa, Oklahoma, For Plaintiff/Appellant,

Robert B. Sartin, Joseph V. Allen, BARROW & GRIMM, P.C., Tulsa, Oklahoma, For Defendants/Appellees.

TIMOTHY J. DOWNING, PRESIDING JUDGE:

¶1 Appellant, Brian Hamlin (Hamlin) appeals the May 6, 2024 Journal Entry of Judgment entered in favor of Appellees, Addicted Outdoors, LLC (Addicted), Steven Yob (Yob), and The Mary O'Reilly Yob Revocable Trust (Trust). After a review of the entire record and pertinent law, we reverse the punitive damages amount awarded to Addicted and remand to the trial court with instruction for the statutory cap, but affirm on all other issues before us.

BACKGROUND

¶2 In March of 2020, Hamlin sold forty (40) percent of his eighty-five (85) percent ownership in Addicted to the Trust and Yob, each acquiring twenty percent for a total of $120,000.00. 

¶3 In April of 2020, Hamlin, Barefield, Yob, and Trust executed an Amended and Restated Operating Agreement (Operating Agreement). The Operating Agreement outlined the members and their respective ownership interests as follows: Hamlin with 45%, Barefield with 15%, Yob with 20%, and the Trust with 20%. Hamlin was identified as the Manager and limitations on his authority to act were outlined in the Operating Agreement. The Manager could be removed by a majority vote of the members, with or without cause. A provision in the Operating Agreement also limited the Manager's liability to the extent the Manager did not breach his duty of loyalty, good faith or perform acts for the Manager's personal benefit. Hamlin managed Addicted without any inquiries or interference from the other members for approximately a year.

¶4 At trial, the jury heard evidence that rather than withdrawing the $120,000.00 purchase price immediately, over the course of roughly a year Hamlin made various withdrawals from the bank accounts associated with Addicted. In February of 2021, Yob received notification that roughly $13,000.00 was charged on the company credit card at a local casino. It is from this notification that Yob and the remaining members secured an attorney and began to investigate the finances of Addicted. Hamlin shared passwords to the company's various accounts so that the members could review Addicted's financials. Very quickly the members concluded that Hamlin was embezzling from Addicted and voted for his removal as Manager. Yob was voted in to replace Hamlin as Manager.

¶5 Hamlin filed suit against Appellees alleging defamation, tortious interference with a contract or business relations, fraud/deceit, conversion, and breach of contract. Appellees counterclaimed alleging breach of fiduciary duty, conversion, and fraud/deceit. The trial spanned five days, and the jury ultimately ruled against Hamlin on all his claims and in favor of Appellees, awarding $80,000.00 to Addicted for breach of fiduciary duty, $77,322.00

STANDARD OF REVIEW

¶6 "[A] jury's verdict is conclusive as to all disputed facts and conflicting statements." Fox v. Crowgey, 2015 OK CIV APP 23346 P.3d 425Id. (quoting Stroud v. Arthur Anderson & Co., 2001 OK 7637 P.3d 783

ANALYSIS

¶7 Hamlin raises the following allegations of error: 1) That the trial court should have granted his motions for directed verdict as it pertains to the fraud/deceit counts; 2) The retention of the benefit of the contracts and the award of damages equal to the purchase price of the shares violates Oklahoma law; 3) Breach of fiduciary duty was not a viable claim; 4) Conversion of money was not actionable; 5) The evidence does not support the jury's damage award to Addicted for conversion and breach of fiduciary duty; 6) Punitive damages awarded to Addicted exceed the amount authorized by law; and 7) The cumulative effect of the errors alleged merit a re-trial. 

¶8 In proposition one, Hamlin states his motion for directed verdict should have been granted by the trial court on the basis that the evidence did not support the allegations of fraud. However, Hamlin failed to include this argument in his motion for new trial. Because a motion for new trial limits the issues reviewed on appeal to those raised by that motion, this claim will not be considered as it is not properly before the Court. City of Broken Arrow v. Bass Pro Outdoor World, L.L.C., 2011 OK 1250 P.3d 30512 O.S.2021, § 991see also Okla. Sup. Ct. R. 1.22(c)(1), 12 O.S.Supp.2023, Ch. 15, App. 1.

¶9 In proposition two, Hamlin argues that the jury's award of damages on the two fraud claims is not compliant with Oklahoma law. His argument is two-fold. First, he argues that because Yob and Trust did not seek recission of the contract and the jury awarded damages to Yob and Trust equal to the purchase price of the shares, the damages, in essence, created a recission of the contract without restoring the 40% of Addicted shares to Hamlin. Second, he argues Yob and Trust did not present evidence of damages, other than the purchase price of the shares, to support a claim involving affirmation of the contracts. Relying on Holcomb & Hoke Mfg. Co. v. Jones, 1924 OK 672228 P. 968

¶10 Oklahoma recognizes that when a party is induced by fraud to enter into a contract, the harmed party has two remedies. The party may seek recission of the contract, or, when recission fails to compensate the loss of the party, the party may affirm the contract and seek damages arising from the fraud. Holcomb & Holk, 1924 OK 672Id. at ¶ 33. There is no question in this case that Yob and Trust did not seek recission of the contracts. Instead, as acknowledged by both parties, Yob and Trust affirmed the contracts and sought damages.

¶11 Hamlin relies on Viking Refrigerators v. McMeachin, 1930 OK 418291 P. 529Viking Refrigerators, the buyer did not seek recission of the contract and sought damages. Viking Refrigerators, 1930 OK 418Id. The Court found the verdict was not sustained by the pleadings or the evidence. Id. at ¶ 17. Although the jury awarded Yob and the Trust the amount of the purchase price of the shares, the jury did not transform Yob's and Trust's fraud claims into that of recission, but instead awarded damages based on evidence presented.

¶12 This Court is not persuaded by Hamlin's challenge to the lack of evidence to support the jury award. At trial, evidence adduced by both sides was that Addicted was a defunct business. Ed's testimony established that the debts of the company far exceeded any value of the company. See e.g., Cleveland v. Dyn--A--Mite Pest Control, Inc., 2002 OK CIV APP 9557 P.3d 119

¶13 In proposition three Hamlin argues that the Operating Agreement forecloses any claim of breach of fiduciary duty to Addicted. Thus, he claims the trial court erred when it denied his motion for directed verdict. This Court reviews a trial court's denial of a motion for directed verdict de novo. Computer Publications, Inc. v. Welton, 2002 OK 5049 P.3d 732Key Finance, Inc. v. Koon, 2016 OK CIV APP 27371 P.3d 1133Gutherie Independent School District No. I-30 of Adair County, 1998 OK CIV APP 47958 P.2d 802Bird Const. Co., Inc., v. Oklahoma City Housing Authority, 2005 OK CIV APP 12110 P.3d 560Harder v. F.C. Clinton, Inc.,1997 OK 137948 P.2d 298

¶14 Hamlin's argument that Oklahoma law imposes no fiduciary duty on managers of limited liability companies is erroneous. Pursuant to 18 O.S.2021, § 2016See also Osage Energy Resources, LLC v. Pemco, LLC, 2016 OK CIV APP 70394 P.3d 265

¶15 Although Section 2016 imposes a general fiduciary duty on managers of limited liability companies, Section 2017 also acknowledges that the parties can limit or eliminate those fiduciary duties, barring the duty of loyalty, good faith, and refraining from improper personal benefits. 18 O.S.2021, § 2017

Limitation of Liability. The Manager shall not be liable to the Company for monetary damages for breach of fiduciary duty or an act or omission in his or her capacity as Manager; provided however, that nothing contained herein shall eliminate or limit the liability of a Manager, (i) for any breach of the Manager's duty of loyalty to the Company or its Members, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of the law, or (iii) for any transaction from which the Manager derived an improper personal benefit.

(Emphasis added).

¶16 This limitation clause tracks the language of 18 O.S.2021, § 2017

¶17 In Hamlin's fourth proposition of error, he claims the trial court should have granted his directed verdict related to Addicted's conversion claim. "Conversion is any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." Steenbergen v. First Fed. Sav. & Loan of Chickasha, 1987 OK 122753 P.2d 1330

¶18 Hamlin argues that Addicted's claim gave rise to a debt and recovery of money only, and therefore was insufficient to state a claim for relief pursuant to Oklahoma law. However, the action here arose from claims that Hamlin embezzled funds owned by Addicted. 

¶19 In his fifth proposition of error, Hamlin argues that the jury's awards of damages for breach of fiduciary duty and conversion are not supported by the evidence. "Broad discretion is given to the jury to determine the amount of damages." Fowler v. Lincoln County Conservation Dist., 2000 OK 9615 P.3d 502Id.

¶20 An exorbitant amount of evidence was presented to the jury concerning the parties' causes of actions. Evidence included bank records, some of which included copies of checks written by Hamlin, text messages, emails, and Addicted loan documents. Likewise, Hamlin, Yob, Ed, and Barefield, as members of Addicted, supplied evidence of the monetary damages requested from the parties. Appellees presented a forensic accountant who testified about the damages and specifically outlined amounts considered by him to be improperly taken by Hamlin. Contrary to Hamlin's claim that the jury was a runaway jury who awarded damages not supported by the evidence, this Court finds there was competent evidence presented on which the jury could find for Addicted in the amounts awarded. Hamlin's fifth proposition of error is denied.

¶21 In his sixth proposition of error, Hamlin argues the punitive damages awarded in connection with breach of fiduciary duty and conversion exceed the amount allowed by law. The jury awarded Addicted $100,000.00 in punitive damages for the conversion claim and $75,000.00 in punitive damages for the breach of fiduciary duty claim, for a total of $175,000. Hamlin argues the amount of punitive damages cannot exceed $100,000.00 under 23 O.S.2021, § 9.1

¶22 Pursuant to 23 O.S.2021, § 9.123 O.S.2021, § 9.1

¶23 Because the actual damages awarded exceeded the statutory cap of $100,000.00, the $157,322.00 in actual damages awarded established the punitive damages cap for Addicted. However, the jury awarded $175,000.00 in punitive damages which exceeded the $157,322.00 cap for Addicted. Thus, we must reverse the punitive damages award of $175,000.00 to Addicted, and find it must be reduced to $157,322.00 to comply with Section 9.1. We remand to the trial court to enter a corrected order reflecting the corrected punitive damages amount.

¶24 Finally, Hamlin argues in proposition seven that the above alleged errors in their cumulative form merit a re-trial. As this court has found no error, aside from correcting the punitive damages amount in proposition six, Hamlin's proposition seven is denied. See Maddox v. Bridal, 1958 OK 136329 P.2d 1049

CONCLUSION

¶25 We reverse the punitive damages award of $175,000.00 to Addicted, and remand to the trial court to enter the corrected order setting punitive damages at $157,322.00 to comply with Section 9.1. Regarding the remaining propositions, we find competent evidence reasonably supported the jury's verdicts. A review of the law and the entire record on appeal demonstrate that there were no other prejudicial errors shown in either the trial court's jury instructions or the verdicts.

¶26 The Journal Entry of Judgment reflecting the Jury's verdict is AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTION.

PRINCE, V.C.J., and MITCHELL, J., concur.

FOOTNOTES

See Okla. Sup. Ct. R. 1.11(k)(1), 12 O.S.2021, Ch. 15, App. 1.

Welty v. Martinaire of Okla., Inc., 1994 OK 10, 867 P.2d 1273Welty, 1994 OK 10, at ¶ 7. In Tarrant v. Capstone Oil & Gas Co., 2008 OK CIV APP 17178 P.3d 866, the suit was based on unpaid royalty interests. The Court found that failure to pay royalties created a debt. Tarrant, 2008 OK CIV APP 17 at ¶ 22. The instant case is not one of a debt. Rather, Addicted claimed Hamlin withdrew company funds and converted them to his own funds.